# Perkins to use of Bank of Commerce, Appellant, *v.* Lippincott Co.

*Contracts—Sales—Passage of title—Delivery — Possession—Assignment of account—Innocent purchaser.*

An importer purchased goods upon a letter of credit issued through a bank. The goods were shipped to the order of the bank with bill of lading and drafts attached. The bank authorized the delivery of the goods to the importer, taking from him a trust receipt whereby he agreed to hold the assignment in trust for the bank; and, in the event of a sale, collect the proceeds and deliver the same to the bank. The goods were sold; no delivery of the goods was ever made to the importer; and he was never in possession thereof; they were delivered directly to the vendee. The importer assigned the account represented by such sale to a second bank as security for advances, the second bank having no notice of any defect in the title of the importer. In an action by the importer for the use of the second bank to recover from the vendee the price of the goods, the judge who tried the case without a jury found in favor of the defendant. *Held,* the importer had no title or possession of the goods and was not entitled to the proceeds of the sale thereof, and the judgment was affirmed.

Perkins to use of Bank of Commerce v. Halpren et al., 257 Pa. 402, distinguished.

Argued Jan. 11, 1918. Appeal, No. 187, Jan. T., 1917, by plaintiff, from judgment of C. P. No. 2, Philadelphia County, Dec. T., 1915, No. 664, for defendant in case of James A. Perkins to the use of Bank of Commerce v. W.

A. Lippincott Company.    Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ.    Affirmed.

Assumpsit for the price of dry goods sold and delivered to defendant.    Before WESSEL, J.

The opinion of the Supreme Court states the facts.

The case was tried before the judge without a jury. The trial judge found for defendant and entered judgment on the findings.    Plaintiff appealed.

*Errors assigned* were in dismissing exceptions to findings of the trial judge, and the judgment of the court.

*M. Hampton Todd,* with him *Julius C. Levi* and *David Mandel, Jr.,* for appellant.

*Frank P. Prichard,* with him *Ralph B. Evans,* of *Prichard, Saul, Bayard & Evans,* for appellee.

OPINION BY MR. JUSTICE FRAZER, March 11, 1918:

Plaintiff sued in assumpsit to the use of the Bank of Commerce as assignee for the price of dry goods alleged to have been sold and delivered by Perkins to defendant. The latter refused payment alleging, inter alia, that the right of action for the value of the merchandise was in the Philadelphia National Bank, which institution had issued to plaintiff a letter of credit covering the price of the goods, and had retained title to them up to the time of their delivery to defendant.    The case was tried before the court without a jury and, from judgment entered in favor of defendant, plaintiff appealed.

Perkins, the legal plaintiff, an importer, on December 24, 1914, received an order from defendant for certain enumerated dry goods, which provided that upon their delivery payment should be made to the Philadelphia National Bank.    At the same time, and to finance the transaction, arrangements were made with that bank for a letter of credit whereby the bank agreed to accept

drafts to the extent of two thousand pounds sterling, drawn on a London bank, the merchandise to be shipped to the order of the Philadelphia National Bank, with bills of lading and drafts attached. Upon their arrival the bank authorized the custom house broker to deliver the goods to Perkins, taking from him a trust receipt in which he agreed to hold the consignment in trust for the bank, and, in the event of sale, collect the proceeds and deliver same to the bank.

Subsequent to the above negotiations, a second order was given by the bank to Perkins, and an arrangement made for an additional letter of credit on which defendant became surety for plaintiff. All goods included in both orders on arrival were in fact delivered directly to defendant, though plaintiff, in each instance, was required to sign the trust receipt. Subsequently, Perkins assigned the account represented by the sale of the goods to the Bank of Commerce as security for advances, that bank having no notice of any defect in the title of Perkins.

The facts are not in dispute and are quite similar to those in Perkins to use of Bk. of Commerce v. Halpren et al., 257 Pa. 402, upon which appellants rely for reversing the court below. In that case, upon execution of the trust receipts, the goods were sent to a warehouse in the name of the custom house broker, for the use of the plaintiff, and allowed to remain there until defendant, the purchaser, to whom plaintiff sold and billed the goods pursuant to the power given by the trust receipt, was ready to use them. In the meantime they continued in storage subject to the control of the purchaser, to be delivered to him from time to time upon payment of the duty. The principal question involved, was whether there was delivery sufficient to pass the title from the vendor to the vendee. The bank made no claim to the proceeds. We there said (page 407) : "Whether or not title passed to defendants......depends upon the intention of the parties as indicated by the course of dealing

with each other"; and on page 410: "The course of dealing between the parties, the method of purchase and subsequent disposition of the merchandise on its arrival in a bonded warehouse, wherein it was set apart subject to withdrawal at the pleasure of defendants, and the actual withdrawal of part, together with the delivery of the invoices, all tend to support the conclusion of the trial judge, and furnish ample foundation to sustain his decision.

"The fact that plaintiff failed to transfer the proceeds of the sale to the Philadelphia National Bank, conformably to his obligation under the trust receipt to deliver to the latter, has no bearing on the present discussion. The trust receipt authorized plaintiff to sell the merchandise, consequently an exercise of the power of sale, so far as the purchaser is concerned, divests the title of the bank: Canadian Bank of Commerce v. Baum & Sons, 187 Pa. 48."

In the present case while the goods under one order were marked "for account of" plaintiff, no delivery was made to him, but, under direction from the bank, were delivered directly to defendant. The other order did not contain a stipulation that defendant should pay the bills direct to the bank; it, however, agreed to become surety for the payment of the draft negotiated under the letter of credit, and in turn was assured by the bank that the goods would be consigned to it, and that delivery would be made to no one else, which arrangement was carried out. No actual delivery of the goods under either consignment was made to plaintiff. He had neither title nor possession with right of disposal at any time, though the trust receipt contemplated possession by him and sale for the account of the bank. Aside from this, however, there is no denial that title to the goods passed to defendant, and it is immaterial whether it passed through plaintiff or through the bank. The sole question is whether plaintiff or the bank is entitled to the proceeds. The power given by the trust receipt to sell the

goods did not include the power to dispose of the proceeds, and the only way in which plaintiff could acquire such right was by paying his indebtedness to the bank. Until that was done he had no title to the proceeds, and the Bank of Commerce, the use plaintiff, succeeded to only such rights as plaintiff possessed.

The judgment is affirmed.