## Automobile Banking Corporation *v.* Weicht, Appellant.

Argued October 30, 1946.

*A. J. White Hutton,* for appellant.

*John McDowell Sharpe,* for appellee.

OPINION BY RENO, J., March 4, 1947:

Appellant has brought up for review an order commanding him to surrender his certificate of title to an automobile to appellee.

The automobile is the same one in litigation in Weicht v. Automobile Banking Corp., 354 Pa. 433, 47 A. 2d 705, reversing 158 Pa. Superior Ct. 430, 45 A. 2d 396, where the Supreme Court held that Weicht under a writ of foreign attachment could attach the automobile which was in the sheriff's possession by virtue of a writ de retorno habendo issued in a replevin action wherein appellee was plaintiff and Weicht defendant. It now develops that the appeal had not been made a supersedeas, and while it was pending in the appellate courts, indeed before it was argued in this court, Automobile Banking Corporation (hereafter called A. B. C.) secured possession of the automobile by an alias de retorno habendo.

The certificate of title was in Weicht's name and in his possession, and therefore A. B. C. applied to the Department of Revenue for a repossessed car title. The department refused upon the ground that Weicht, pending the replevin action but before judgment had been entered against him, had surrendered the certificate originally issued to him on which A. B. C. appeared as the holder of an encumbrance, which encumbrance had however expired by reason of the three-year limitation. In lieu he secured a new certificate on which an encumbrance for one Samuel H. Wenger for $1000 was noted.[1] A. B. C. then petitioned the court for a rule upon Weicht and Wenger to show cause why they should not assign the certificate to A. B. C. They filed answers, raising both factual and legal questions, and, inter alia, Wenger questioned the jurisdiction of the court.

---

[1] Appellant transferred the certificate of title several times, but only the transfer by which Wenger became a party by an encumbrance noted upon its face is material to this issue.

The court, upon argument without taking testimony, ruled that Wenger's encumbrance was invalid, and commanded Weicht to surrender the certificate to A. B. C. Only Weicht appealed.

Appellant's principal, and his only tenable, contention is that the order denies his rights under the Uniform Trust Receipts Act of July 10, 1941, P. L. 307, 68 PS §551, et seq. Before we reach that question, several preliminary questions call for decision.

I. We observe that, although the replevin action had been terminated by an alias de retorno habendo under which A. B. C. secured possession of the automobile, the rule related only to the certificate of title, which had not been litigated or included in the replevin action, and was not mentioned in the trust receipt which was the foundation of the replevin action.

In this court appellant challenges the power of the court below to entertain the rule and enter the order. But he did not raise that question below, and, since it pertains to a procedural and not a jurisdictional matter, the point should have been promptly presented to the court of original jurisdiction.

However, in the circumstances of this case, and since it will appear that instead of harming appellant it will actually aid him in attaining his objective, we have not experienced insurmountable difficulty in sanctioning the procedure followed here. The use of rules is a peculiar feature of our Pennsylvania jurisprudence, and grew out of the administration of equity through common law forms. *Park Bros. & Co. v. Oil City Boiler Works,* 204 Pa. 453, 54 A. 334. In exceptional cases, they may be employed as original process, *Delco Ice Mfg. Co. v. Frick Co.,* 318 Pa. 337, 178 A. 135, but generally they are available as auxiliary process and for the purpose of facilitating jurisdiction already acquired. *Petrovich Appeal,* 155 Pa. Superior Ct. 138, 38 A. 2d 709. The rule in the instant case partakes somewhat of the nature of the equitable remedy of a bill of discovery in aid of an

execution. Its purpose is to secure a document which is evidence of title to the automobile, possession of which A. B. C. acquired in the replevin action. The Vehicle Code of May 1, 1929, P. L. 905, §208, as amended by the Act of June 27, 1939, P. L. 1135, 75 PS §38, provides: "In the case of the transfer of ownership or *possession* of a motor vehicle, . . . by operation of law, as upon . . . replevin . . . it shall thereupon become *the duty* of the person from whose possession such motor vehicle . . . was taken, . . . *and without prejudice to his rights in the premises,* immediately *to surrender* the certificate of title . . . to the person to whom possession of such motor vehicle . . . has so passed." [2] (Emphasis added). The rule therefore has for its foundation a command of the law that appellant surrender the certificate, which he may safely obey because his rights in the premises are statutably preserved, and will be further safeguarded by our adjudication of his contention.

Wenger did not appeal, and there is no occasion to pass upon the propriety of the rule employed as original process in respect to a person who was not a party to the replevin action.

II. In the replevin action judgment was entered against Weicht for want of a sufficient affidavit of defense. The foundation for the claim of A. B. C. was a trust receipt in which A. B. C. was the entruster and Weicht trustee. Weicht set forth a set-off or counterclaim in his affidavit of defense, and the court properly held that these defenses were not available in replevin, and entered judgment against him. He did not set up his present claim under the Uniform Receipts Act. He is not prejudiced by the omission for it too could not be raised as a defense in replevin. Cf. *Roos Co. v. Brady,* 103 Pa. Superior Ct. 579, 583, 157 A. 490.

In its opinion upon the pending rule the court below said: "As the only ownership averred by the plaintiff

---

[2] A penalty is imposed for violation of the provisions of this section, but this is not the exclusive remedy for its enforcement.

was general property in itself, together with the right of immediate possession, we must consider that adjudication of this Court [entering judgment for want of a sufficient affidavit of defense] as determining that the plaintiff was the owner of the automobile with the right of immediate possession thereto." This became the predicate for the court's ultimate conclusion: ". . . there is no valid legal reason why the Plaintiff should not be put in a position to obtain a proper certificate of title to the automobile *so it can deal with it as it sees fit."* (Emphasis added).

This is fundamental error, so basic that we are obliged to consider it even though it was not specifically raised below.[3] A. B. C. did not aver "general property in itself". To the contrary it averred that the automobile was delivered to Weicht under a trust receipt, and it annexed a copy of the receipt to its declaration. The learned judge's distinguished predecessor, in entering judgment, based his opinion solely upon the receipt, recited it in full, found that it was "drawn in compliance with the Uniform Trust Receipt Act", and distinctly held: "We are satisfied that the Trust Receipt, being the agreement between the parties hereto, is binding on them and covers the right of the plaintiff to recover the automobile in question by its Writ of Replevin." He prudently avoided recognition of general property in A. B. C., and held only that the terms of the receipt having been breached, A. B. C.'s right to immediate possession had accrued.[4]

---

[3] The court based its ruling in part upon The Vehicle Code, §208, supra, and it should have noted and given effect to the provision, "without prejudice to his [appellant's] rights in the premises" by ordering a surrender of the certificate without prejudice.

[4] Nor does the decision of the Supreme Court, supra, rest upon the assumption, as contended by appellee, that A. B. C. had a general property right in the automobile. It has frequently been held that a special or qualified property right will support replevin. *Boyle v. Rankin,* 22 Pa. 168; *Young v. Kimball,* 23 Pa. 193; *Hartman v. Keown,* 101 Pa. 338. In view of the sweeping terms of the Foreign

III. There can be no doubt about the nature of the transaction between the parties. The document was titled: "Trust Receipt". In it Weicht acknowledged receipt, inter alia, of the automobile, agreed to hold it *in trust* for A. B. C., with the right to sell it "at the release price", to remit the proceeds to A. B. C., and to return the automobile upon A. B. C.'s demand. In all particulars it met the requirements of the Uniform Trust Receipts Act, §2, 68 PS §552.

The original pleadings did reveal a dispute as to whether Weicht or A. B. C. had purchased the automobile from the manufacturer and received title to it, but Judge DAVISON wisely disregarded that controversy. There are two types of trust receipt transactions: (a) the tripartite, where the finance company advances the funds for the purchase of the chattel, purchases it and receives title to it from the manufacturer and delivers possession to the dealer who gives his trust receipt to the finance company; or (b) the bipartite, where the dealer has purchased and received title directly from the manufacturer and gives his receipt to the financing company. 53 Am. Jur., Trust Receipts, §3. The former is called the true or orthodox type, and our Pennsylvania cases have been largely of that type. *Perkins v. Lippincott Co.*, 260 Pa. 473, 103 A. 877; *Perkins v. Halpren*, 257 Pa. 402, 101 A. 741. One of the purposes of the Uniform Trust Receipts Act was to recognize and validate transactions of the second type. See 1933 Report, National Conference of Commissioners on Uniform State Laws and Proceedings, 248-254. This is accomplished by §2(1)(b), 68 PS §552, and also by the provision: "The security interest of the entruster may be

---

Attachment Act of June 13, 1836, P. L. 568, §44, 12 PS §2891, as amended, providing for foreign attachment "against the real or personal estate", the interest or estate of a pledgee or entruster in property within the Commonwealth can be attached. 4 Am. Jur., Attachment and Garnishment, §232. At all events, nothing in the opinions filed in the Supreme or Superior Court can be construed as an adjudication of general property in appellee.

derived from the trustee or from any other person and by pledge or by transfer of title or otherwise."

It follows that A. B. C. as the entruster in the transaction is bound to fulfill its statutory obligations. The Act provides: *"After possession taken the entruster shall,* subject to subdivision (b) and subsection 5, *hold such goods . . . with the rights and duties of a pledgee."* (Emphasis added). Id. §6, 3 (a), 68 PS §556. The instant trust receipt specifically recognized this provision by the stipulation: "A. B. C. may at any time repossess said chattels and A. B. C. may at its election declare any interest we may have in said chattels to be terminated *upon crediting our account with the amount required by law."* (Emphasis added). A. B. C. is not entitled to "a proper certificate of title so it can deal with it as it sees fit". It must deal with the automobile as a pledgee, and in accordance with the provisions of subdivision (b) and subsection 5.[5]

IV. We are not called upon to determine which, if not all, of the above statutory obligations A. B. C. is compelled to perform as pledgee. It is sufficient that we disapprove the decision that it can deal with the property "as it sees fit". We might with propriety, following *Roos v. Brady,* supra, leave the parties to work out their problem in another appropriate proceeding. However, we have recognized this rule as an auxiliary proceeding in the nature of an equitable remedy, and while we hold that the certificate should be assigned to A. B. C., the assignment must be made upon terms imposed initially by the court below.

Obviously A. B. C. cannot exercise its rights or fulfill its duties as a pledgee without the transfer of some title to it. As the case now stands both parties are stymied;

---

[5] Subdivision (b) provides that the "entruster in possession may" sell the goods upon notice to the trustee, and prescribes the rules for the application of the proceeds.

Section 5 applies "to articles manufactured by style or model", and provides for pro tanto cancellation of the trustee's indebtedness. 68 PS §556.

A. B. C. cannot sell or perform its duties as a pledgee without a certificate of title; and Weicht cannot sell because he cannot deliver possession. Moreover, since all that Weicht presses for in this appeal is recognition of A. B. C. as his pledgee, he cannot object to an order which makes it possible for it to perform that duty. Nor is A. B. C. entitled to an order which disregards the provision of The Vehicle Code, supra, by which a surrender of the certificate is required to be made without prejudice to his rights.

A. B. C. has been stoutly resisting Weicht's claim, and engaging in litigation to defeat it. It is seeking the assistance of the equitable powers of the court, but its course of conduct [6] indicates that assistance should be granted only upon terms which assure performance of its statutory obligations. Before it can have equitable assistance there must be assurance that it will act equitably, and respect appellant's legal rights. He who seeks equity must do equity. It appears that A. B. C. is registered and authorized to transact business in this Commonwealth, and amenable to the process of our courts. Nevertheless, the order requiring Weicht to transfer title to A. B. C. should require the latter to post security, or otherwise satisfy the court below, that it will faithfully perform its duties as pledgee. This is a matter for the determination of the court below, and our order will remit the record for that purpose.

V. It is hardly profitable to discuss the question, canvassed by the court below, as to the duty of the Department of Revenue to issue a certificate to A. B. C.

---

[6] Although the Supreme Court, 354 Pa. 433, 436, directed the court below "to reinstate the writ of foreign attachment", *appellee's* brief informs us: "There is pending before the Court of Common Pleas of Franklin County another rule obtained by the appellee to dissolve the attachment on the ground that Weicht's appeal to the Superior Court of Pennsylvania did not operate as a supersedeas, and as the Sheriff of Franklin County delivered the automobile to the appellee after the decree of the Court below dissolving the foreign attachment, there is no property within the jurisdiction of the Court subject to or liable to attachment."

The department is not a party to this proceeding, is not an officer or an arm of the court, and the certificate is not a court record. Consequently the department is not bound or protected by an order of the court. It can be reached, if at all, only by a writ of mandamus. Act of June 8, 1893, P. L. 345, §1, as amended, 12 PS §1911. Certainly the department is not authorized, as the court below suggested, by §205 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §35, to issue a new certificate to A. B. C., for that section provides for the *correction* of a title issued *in error,* and the title issued to Weicht was not the result of a mistake. But §208, supra, providing for surrender of a title after a replevin action, is applicable. It should be noted, however, that only an *owner* is entitled to a certificate, and the Code defines an owner: "A person or persons holding the legal title of a vehicle; or, in the event a vehicle is the subject of an agreement for the conditional sale or lease thereof or other like agreement, with the right of purchase upon performance of the conditions stated in the agreement, and with an immediate right of possession vested in the conditional vendee or lessee, then such conditional vendee or lessee shall be deemed the owner for the purpose of this act." Id. §1, 75 PS §2. An entruster or a pledgee is not clearly within the terms of the definition, and it may be found that the statute contemplates that a pledgee's interest shall be noted as a lien or an encumbrance. But this is not an insuperable difficulty, and the court below will consider and regulate this matter in the revised order which it will make pursuant to this opinion. The rights of both parties have been recognized in this adjudication, and they will serve their interests best by coöperating with the court below in formulating an order which will satisfactorily solve the problems raised and decided in this appeal.

The order is reversed, and the record is remanded for further proceedings consistent with this opinion. All costs of the proceedings upon the rule including this appeal shall be paid by appellee.