## ESB Brands v. Kaplan

*Goff & Rubin,* for petitioner.

*Silver & Kratzok,* for defendants.

SPAETH, J., April 25, 1966.—This case arises on preliminary objections to a rule to show cause why a financing statement should not be stricken and a public sale ordered. The objections admit as true the following facts.

Petitioner, ESB Brands, secured a judgment of $17,777.16 against defendants, Louis Kaplan and Molly Kaplan. A levy was made on the Kaplans' personal property at 6635 McCallum Street. However, the sheriff refused to post bills of sale, because the personal property was the subject of a financing statement filed with the Prothonotary of Philadelphia County and the Secretary of the Commonwealth by respondent, Artisan Home Builders, Inc. (Respondent's brief states that the Kaplans' counsel told the sheriff about the financing statement.) Petitioner took the deposition of defendant Louis Kaplan and concluded that the financing statement was fraudulent because it was not supported by adequate consideration, and because it had been filed to delay or defraud creditors. Petitioner then filed the present motion to strike the financing statement and to order a public sale, and it obtained a rule upon the motion.

In preparing the motion, petitioner copied the caption of the action in which it had obtained its judgment against the Kaplans, except petitioner called itself "petitioner" instead of "plaintiff", and it added Artisan as "respondent". Petitioner gave Artisan notice of this by mailing a copy of the motion and rule to respondent. Respondent's preliminary objections challenge the court's jurisdiction, stating that respondent was not joined as a party in accordance with Pennsyl-

vania Rule of Civil Procedure 2180, which provides for service of process upon corporations.

Petitioner relies upon Delco Ice Manufacturing Co. v. Frick Company, Inc., 318 Pa. 337 (1935). There, the question was whether a conditional sales agreement should be stricken from the record in the prothonotary's office, and the court did indicate that a petition and rule could be used as original process to raise the question: 318 Pa. at pages 343-45. But here, respondent's preliminary objections do not challenge the manner of starting the action, but rather the manner of service; and as to this, the court, in the Delco case, said: "The question of service was discussed, but as Frick Company voluntarily appeared, we need not pass further on that question": 318 Pa. at pages 345-46.

Automobile Banking Corporation v. Weicht, 160 Pa. Superior Ct. 422 (1947), also relied upon by petitioner, is similarly not in point. There, a petition and rule was used as original process to require the assignment of a certificate of title to an automobile from Weicht and Wenger to Automobile Banking. In the lower court, Wenger did question jurisdiction, but he lost, and the court ordered Weicht to transfer the certificate to Automobile Banking, and further declared that the notation on the certificate that Wenger had a lien on the automobile was invalid. Only Weicht appealed to the Superior Court. On his appeal, he challenged the power of the lower court to entertain Automobile Banking's petition and rule as original process. However, the Superior Court refused to pass on the point, noting that Weicht had not raised it in the lower court, and that Wenger, who had, had not appealed: 160 Pa. Superior Ct. at pages 425-26. Moreover, the Superior Court found fundamental error in the lower court's decision regarding Automobile Banking's title and, therefore, reversed and remanded; in doing so, it said:

". . . in the circumstances of this case, and since it

will appear that instead of harming appellant [Weicht] it will actually aid him . . . , we have not experienced insurmountable difficulty in sanctioning the procedure followed here": 160 Pa. Superior Ct. at page 425.

Pennsylvania Rule of Civil Procedure 2180 requires that "Service of process . . . shall be made upon a corporation . . . by the sheriff . . . by handing a copy thereof, . . ." to certain persons. Petitioner concedes that there was no such service here; petitioner's motion pleads nothing about service; and in the brief of petitioner's counsel, it is stated that respondent was sent a copy of the motion and rule by certified mail (at what address and in what state or county is not stated), and counsel attaches to the brief a copy of the return receipt, signed "Artisan Home Bldrs."

It may be that petitioner's motion and rule are "process" within Pa. R. C. P. 2180. But if so, service must be by the sheriff. Since there was no service by the sheriff, respondent is not subject to the court's jurisdiction, and respondent's preliminary objections will be sustained.

If petitioner persists in filing another motion and rule, and having the sheriff serve respondent, as provided in Pa. R. C. P. 2180, it will be necessary to decide whether such a procedure is permitted. It would seem simpler to proceed as contemplated by the new Sheriff's Interpleader Rules, Pa. R. C. P. Rules 3201-3213, which became effective on March 1, 1966. Under these rules, proceedings are commenced by delivery of a written property claim to the sheriff, who makes the initial determination of title: Rule 3204. For example, here, a notice such as that given the sheriff by the Kaplans' counsel regarding the financing statement might, if in proper form, initiate the procedure contemplated by the rules, which eliminate any need for a rule to show cause. If an objection to the sheriff's determination of title is filed, the issue may be tried by the court, with or

without a jury. See the commentary on the rules by Philip W. Amram and Sidney Schulman, Esqs., in The Legal Intelligencer for January 17, 1966.

Accordingly, the court enters the following:

ORDER

And now, April 25, 1966, respondent's preliminary objections are sustained, and petitioner's rule to show cause why a financing statement should not be stricken and a public sale ordered is discharged.