Pennsylvania Crime Commission Petitions.

Argued September 28, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Alan J. Davis,* with him *Lester J. Schaffer, Ronald N. Rutenberg, Wolf, Block, Schorr and Solis-Cohen, Zink, Shinehouse & Holmes,* and *Rutenberg, Rutenberg, Rutenberg and Rutenberg,* for appellants.

*Alan L. Adlestein,* Assistant Attorney General, with him *Russell M. Coombs,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. JUSTICE POMEROY, December 29, 1971:

This case presents a challenge to the personal and subject matter jurisdiction of the Commonwealth Court to determine whether appellants should be compelled to obey subpoenas to testify before the Pennsylvania Crime Commission.

The pertinent facts are that on May 3, 1971, appellants were served with subpoenas directing them to ap-

pear and give testimony before the Crime Commission[1] at the State Office Building in Philadelphia. Appellants, accompanied by their respective lawyers, appeared at the appointed time and place, but they refused to be sworn or to answer any questions or to produce any documents, alleging that the Commission and its processes are unlawful and invalid under the Pennsylvania Constitution and laws and the Constitution of the United States. Subsequently, on June 1, 1971, the Commission petitioned the Commonwealth Court for a "Rule to Show Cause Why [Appellants] Should Not Be Ordered to Testify and to Produce Documentary Evidence." The Rule was granted and made returnable on June 16, 1971, and notice thereof duly given to appellants. Prior to the return date appellants filed preliminary objections raising the jurisdictional questions above mentioned. The objections having been overruled, this appeal followed.[2]

## I. Subject-Matter Jurisdiction

Section 3 of the Crime Commission, Act, *supra*, note 1, 71 P.S. 307-7(9) (Supp. 1971), provides: ". . . Upon failure of any person so ordered to testify or to produce evidence, the commission may invoke the aid of any court of common pleas of the county wherein the per-

---

[1] The Crime Commission Act, Act of July 31, 1968, P. L. , No. 235, 71 P.S. §62, §179, and §307-7 (Supp. 1971), amending the Act of April 9, 1929, P. L. 177, empowers the Commission to issue subpoenas requiring witnesses to appear before the Commission with regard to any investigation which the Commission may conduct in accordance with the Commission's enumerated powers.

[2] The appeal is authorized by the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672 and the Appellate Court Jurisdiction Act, Act of July 31, 1970, P. L. 673, Art. II, §203, 17 P.S. §211.203 (Supp. 1971) and Art. V, §§501 and 502(d), 17 P.S. §§211.501 and 211.502(d) (Supp. 1971).

son is summoned to appear or the county wherein the person is served with a subpoena." Appellants contend that by reason of the above provision, only the courts of common pleas have jurisdiction to enforce the Crime Commission's subpoenas.[3]

The Appellate Court Jurisdiction Act, Act of July 31, 1970, P. L. 673, §401, 17 P.S. §211.401 (Supp. 1971) provides that the Commonwealth Court shall have original jurisdiction of: ". . . [a]ll civil actions or proceedings by the Commonwealth[4] or any officer thereof, acting in his official capacity, except proceedings under the Eminent Domain Code; . . . ." It is the position of appellants, however, that both principles of statutory construction and case law negate the Commonwealth Court's jurisdiction in this case.

Preliminarily, an examination and comparison of the relevant portions of The Commonwealth Court Act of 1970, Act of January 6, 1970, P. L. (1969) 434, 17 P.S. §211.1 et seq. (Supp. 1971) and the Appellate Court Jurisdiction Act, *supra*, are necessary to an understanding of the issue. The Commonwealth Court Act established the Commonwealth Court and, until passage of the Appellate Court Jurisdiction Act, prescribed the jurisdiction of that court. Section 8(e)(3) of The Commonwealth Court Act specifically prohibited

---

[3] Appellants Grasso and Molinari were personally served with the subpoenas in Montgomery County, Pennsylvania. Appellant Puppo was served in Philadelphia. As noted above, all were summoned to appear in Philadelphia. Thus the contention is that the courts of common pleas of either Montgomery or Philadelphia Counties would have jurisdiction as to Grasso and Molinari, and that the court of common pleas of Philadelphia would have jurisdiction as to Puppo.

[4] "Commonwealth" is defined by §102 of the Appellate Court Jurisdiction Act (17 P.S. §211.102 (Supp. 1971) to include "departments, departmental administrative boards and commissions, officers, independent boards or commissions, authorities and other agencies of this Commonwealth. . . ."

the court from exercising jurisdiction in any "proceeding involving the interpretation, application, or enforcement of any act of assembly which expressly vests jurisdiction in the courts of common pleas. . . ." This section, however, was specifically repealed by §509(a)(7) of the Appellate Court Jurisdiction Act, 17 P.S. 211.509(a)(7) (Supp. 1971), enacted seven months after The Commonwealth Court Act, and effective September 11, 1970. Moreover, §401(b) of the Appellate Court Jurisdiction Act, 17 P.S. 211.401(b) (Supp. 1971), provides: "The jurisdiction [defined in paragraph (a) of §401] of The Commonwealth Court shall be exclusive except as provided in Section 201 of this Act [dealing with the original jurisdiction of the Supreme Court] and *except with respect to actions or proceedings by the Commonwealth or any officer thereof, acting in his official capacity, where the jurisdiction of the court shall be concurrent with the several courts of common pleas.*" (Emphasis added.)

We are in accord with the Commonwealth Court in finding this language to be plain and unambiguous on its face, obviating any need to resort to the rules of statutory interpretation and construction. *Commonwealth v. Rieck Inv. Corp.,* 419 Pa. 52, 59, 213 A. 2d 277 (1965); *Davis v. Sulcowe,* 416 Pa. 138, 143, 205 A. 2d 89 (1964); *Orlosky v. Haskell,* 304 Pa. 57, 62, 155 Atl. 112 (1931). See also Act of May 28, 1937, P. L. 1019, art. IV, §51, 46 P.S. §551. It is manifest to us that the legislature intended by paragraph (b) to make the jurisdiction of the Commonwealth Court concurrent with the jurisdiction of the courts of common pleas courts in any action or proceeding in which the Commonwealth is the moving party. Since the courts of common pleas have subpoena enforcement powers under the Crime Commission Act, *supra,* it follows that the Commonwealth Court now has concurrent enforcement power under the same Act. This Court has long

ago upheld the power of the legislature to create such concurrent jurisdiction. *Commonwealth v. Green,* 58 Pa. 226 (1868).[5]

Appellants' alternative argument directed to the question of subject-matter jurisdiction is premised upon the case of *Alpern v. Girard Trust Co.,* 403 Pa. 391, 170 A. 2d 87 (1961), a case decided under the Act of May 25, 1937, P. L. 793, §1, 17 P.S. §255 (repealed 1970). That statute had clothed the Dauphin County Court of Common Pleas with statewide jurisdiction to hear and determine all claims "in which the Commonwealth may be the party plaintiff for accounts, unpaid balances, unpaid liens, taxes, penalties and all other causes of action, real, personal and mixed." In the *Girard* case, it was held that the Dauphin County Court did not have jurisdiction even though the Commonwealth was the party plaintiff; this because the remedial statute creating the right of action vested exclusive jurisdiction in enumerated other courts and because the statute was "a special statute dealing with a particular matter." Simply stated, we find the *Girard* decision to have no application to the jurisdiction of the newly established Commonwealth Court, especially in light of the Appellate Court Jurisdiction Act provision clothing the Commonwealth Court with concurrent jurisdiction in actions of the above nature.[6]

---

[5] Appellants forcefully argue that the specific grant of jurisdiction to the courts of common pleas under the Crime Commission Act should take precedence to the exclusion of the general grant of jurisdiction to the Commonwealth Court in the Appellate Court Jurisdiction Act. We note, however, that §63 of the Statutory Construction Act, Act of May 28, 1937, P. L. 1019, 46 P.S. §563, makes it clear that only if there is an irreconcilable conflict between two statutory provisions should the specific provision prevail over the general. As noted, we find no conflict between the applicable statutory provisions.

[6] Appellants argue that it would be more convenient for litigants to appear in the common pleas courts of the counties wherein they

## II. Personal Jurisdiction

Appellants' second contention is that the Commonwealth Court does not have jurisdiction over their persons because the Crime Commission did not commence the subpoena enforcement proceeding in compliance with Pennsylvania Rule of Civil Procedure 1007.[7] Appellants rely primarily upon this Court's decision in *Commonwealth v. Dauphin County,* 354 Pa. 556, 47 A. 2d 807 (1946).[8] See also *Hartmann v. Peterson,* 438 Pa. 291, 265 A. 2d 127 (1970) ; *Cooney v. Pa. Osteopathic Assn.,* 434 Pa. 358, 253 A. 2d 256 (1969). Appellants acknowledge that the petition and rule, with which they were personally served, gave them adequate notice of the pending proceeding. Cf. *Hemphill v. Lenz,* 413 Pa. 9, 195 A. 2d 780 (1963) where no service of the petition or rule was made. Appellants raise the issue, however, of whether a petition for a rule to show cause was a proper way to initiate these proceedings, an issue left undecided in the *Hemphill* case. *Id.* at p. 14, n.6. Appellants point to Rule 1007 of the Pennsylvania

are served or summoned to appear, instead of traveling to the Commonwealth Court, which sits mainly in Harrisburg. They specifically note problems which may arise with regard to court supervision of the actual taking of testimony. This argument, however, does not properly go to the question of whether jurisdiction exists in the Commonwealth Court; it should be raised, if at all, as a challenge to the propriety of the exercise of jurisdiction by that court. See *Rini v. New York Cent. Ry.,* 429 Pa. 235, 240 A. 2d 372 (1968) ; *Plum v. Tampax, Inc.,* 402 Pa. 616, 168 A. 2d 315, *cert. denied,* 368 U.S. 826, 7 L. Ed. 2d 30 (1961).

[7] Pa. R. C. P. 1007 provides: "An action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons, (2) a complaint, or (3) an agreement for an amicable action."

[8] Although reaching the merits of that case "because of its public features", this Court specifically disapproved the use of a petition to show cause to originate an action challenging a property tax assessment.

Rules of Civil Procedure as dictating a negative answer.

Rule 1007 provides that "an action" may be commenced by the filing of a praecipe for a writ of summons, a complaint, or an agreement for an amicable action. "Action" is defined in Rule 1001 to mean action in assumpsit, and by extension in later rules also includes actions in trespass, equity, ejectment, and the various other forms of action covered by the rules. None of the rules embraces the kind of proceeding here involved. Rule 1007 is therefore not applicable.[9]

The Appellate Court Jurisdiction Act, §401, *supra,* in investing the Commonwealth Court with jurisdiction, speaks of "actions and *proceedings.*" (Emphasis added.) While the vast majority of legal proceedings of a civil nature brought in this Commonwealth are "actions" of one sort or another, and must therefore be commenced and prosecuted conformably to the Rules of Civil Procedure, including Rule 1007, it is apparent that there are some proceedings which are not within that category. The case at bar is an illustration.

Rules to show cause have long been a recognized and valuable tool in Pennsylvania jurisprudence. While a rule is normally available only for the purpose of facilitating jurisdiction already acquired, *Petrovich Appeal,* 155 Pa. Superior Ct. 138, 38 A. 2d 709 (1944), this Court has previously observed that, "[t]he enlarged operation of rules is a somewhat peculiar and

---

[9] That the procedural rules do not necessarily govern all legal proceedings conducted in this Commonwealth is illustrated by our recent decision in *Commonwealth v. McCloskey,* 443 Pa. 117, 277 A. 2d 764 (1971). That case noted exceptions to several criminal rules which provided for all criminal actions to be begun by complaint and for an accused to have the right to a preliminary hearing. Just as in *McCloskey,* which dealt with the rules of criminal procedure, we are here presented with a situation not governed by our rules dealing with civil procedure.

very admirable feature of Pennsylvania jurisprudence, growing largely out of the administration of equity through common law forms." *Park Bros. & Co. v. Oil City Boiler Works,* 204 Pa. 453, 457, 54 Atl. 334 (1903). Moreover, the exceptional use of a rule to show cause as a vehicle to provide courts with personal jurisdiction over a party has been upheld by this Court and the Superior Court. See, e.g., *Delco Ice Mfg. Co. v. Frick Co.,* 318 Pa. 337, 178 Atl. 135 (1935); *Automobile Banking Corp. v. Weicht,* 160 Pa. Superior Ct. 422, 51 A. 2d 409 (1947).

We find the case presented to be of the exceptional nature where a rule may be employed as original process. The Crimes Commission Act, §3, *supra,* note 1, provides that the Commission may "seek the aid of" the court to enforce compliance with its subpoenas. The court proceeding is thus, in a sense, auxiliary to the exercise by the Commission of its investigatory function. It seems entirely proper, and without prejudice to the rights of any person who has been served with a subpoena, that this aid should be invoked by means of a petition and rule.[10] The answer to the petition (or preliminary objections thereto, such as were filed in this case) can raise any proper defense or objection which the responding party may have.

Orders affirmed.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.

---

[10] Though the issue presently before this Court was not raised, *Commonwealth ex rel. Chidsey v. Mallen,* 360 Pa. 606, 63 A. 2d 49 (1949) is an illustration of beginning subpoena enforcement proceedings by petitioning a court for a rule to show cause.