THE STATE, EX REL. CIVIL RIGHTS COMMISSION, APPELLANT,
*v.* GUNN, APPELLEE.

[Cite as State, ex rel. Civil Rights Comm., v. Gunn
(1975), 47 Ohio App. 2d 149.]

(No. 7608—Decided April 16, 1975.)

*Mr. William J. Brown,* attorney general, and *Mr. Gene
W. Holliker,* for appellant.
*Mr. Edward C. Kaminski,* for appellee.

HARVEY, J. The Ohio civil rights commission is charged under the provisions of R. C. Chapter 4112 with the responsibility of eliminating unlawful discriminatory practices. To accomplish this, the commission, upon the filing of an affidavit, is authorized, pursuant to R. C. 4112.05, to conduct a preliminary investigation to determine whether unlawful discriminatory practices exist. To facilitate its investigation, the commission is authorized by R. C. 4112.04 (B)(3)(a) to issue subpoenas to produce documents, the same as may be issued under the Rules of Civil Procedure. This section provides, in part:

"The commission or a commissioner may issue subpoenas to compel access to or the production of such materials, or the appearance of such persons, and may issue interrogatories to a respondent, to the same extent and subject to the same limitations as would apply if the subpoenas or interrogatories were issued or served in aid of a civil action in a common pleas court."

The plaintiff may, in the same manner, upon written application, issue subpoenas in its name to the same extent and subject to the same limitations as those issued by the commission. If the person, to whom a commission subpoena is issued, refuses to comply with the subpoena, the commission may petition for its enforcement in a court of common pleas. R. C. 4112.04(B)(6).

A complaint was made by Michael Goodman, a black man. He filed a formal affidavit with the commission alleging unlawful discriminatory employment practices by Roadway Express, Inc. On March 29, 1974, a subpoena *duces tecum* was issued by the commission to Daniel M. Gunn of Roadway Express, Inc., requiring the production of routine business records.

On April 8, 1974, counsel for Roadway Express, Inc., filed a petition with the commission to revoke the subpoena. On May 28, 1974, the commission issued a Memorandum and Order denying the revocation of the subpoena *duces tecum,* a copy of which was served on counsel for Roadway Express, Inc. This order reads:

"For the reasons discussed in its memorandum, and after careful evaluation of the merits of respondent's petition to revoke subpoena *duces tecum* and the Attorney General's memorandum in opposition to the petition, the commission denies respondent's petition.

"Entered this 28th day of May, 1974.* * *"

This order was followed by an order to show cause why Daniel M. Gunn should not be held in contempt.

The issue to be determined in this case is: Can the Ohio civil rights commission petition the appropriate Court of Common Pleas for the enforcement of a subpoena issued by it to a witness who refuses to obey such subpoena, and request the court to issue a show cause order for contempt, or must the commission file a civil complaint against the witness and follow the provisions of the Rules of Civil Procedure?

The trial court held that the Rules of Civil Procedure apply in this case and that the rules require service of summons and an answer day to bring the defendant properly

before the court for enforcement of the subpoena. From this judgment of the trial court, plaintiff appeals, assigning as error:

"The Court of Common Pleas erred in dismissing this action for enforcement of an Ohio Civil Rights Commission subpoena for want of prosecution, because the Ohio Civil Rights Commission, by petitioning a court of common pleas, may obtain a court order that directs a contumacious witness to show cause why the court should not order him to obey the subpoena, and is not required to file a civil complaint against the witness with the attendant summons, answer, possible motions and other trappings of a civil lawsuit."

R. C. 4112.04(B)(5) provides:

"Within five days after service of a subpoena upon any person, such person may petition the commission to revoke or modify the subpoena. The commission shall grant the petition if it finds that the subpoena requires appearance or attendance at unreasonable time or place, that it requires production of evidence which does not relate to any matter before the commission, that it does not describe with sufficient particularity the evidence to be produced, that compliance would be unduly onerous, or for other good reason."

When a subpoena is issued by a commission in an investigatory proceeding, it may be contested by counsel within five days after service. That happened in this case. After the hearing upon the subpoena, the commission filed a petition and asked for an order from the court. After such hearing, the defendant still refused to obey the subpoena *duces tecum*. R. C. 4112.04(B)(6) provides:

"In case of contumacy or refusal to obey a subpoena, the commission or person at whose request it was issued may petition for its enforcement in the court of common pleas in the county in which the person to whom the subpoena was addressed resides, was served, or transacts business."

The statute is clear that the petition is for the purpose of requiring obedience to the subpoena. Enforcement in the

court merely means to cause a compliance with the law. Rules to show cause have long been recognized as a valuable procedure in Ohio jurisprudence.

It is quite clear that the Rules of Civil Procedure apply in an adversary proceeding and that they require the service of summons and an answer day. Civil Rule 1(A) provides:

Applicability. These rules prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity, with the exceptions stated in subdivision (C) of this rule.

Subdivision (C) thereof reads:

"Exceptions. These rules, to the extent that * * * they would by their nature be clearly inapplicable, shall not apply to procedure * * * in all other special statutory proceedings.

It is admitted that this is a statutory proceeding which falls within the exception of Civil Rule 1(C). Moreover, this is an investigation; and not a case. It is not a civil proceeding in itself. It may never become a civil proceeding. The commission has the power to investigate and its investigation may or may not result in further proceedings and a trial of a case on its merits.

The Supreme Court of the United States in *United States* v. *Morton Salt Co.* (1950), 338 U. S. 632, 642, in referring to the investigatory power of an administrative agency, stated:

"* * * It is more analogous to the Grand Jury, which does not depend on a case or controversy for power to get evidence but can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not."

If the inquiry is within the authority of the agency, the demand is not too indefinite, and if the information sought is reasonably relevant, then, it does not exceed the investigatory power of the commission.

The subpoena *duces tecum* here involved was for discovery only. It was necessary in the investigation which may or may not result in a plenary hearing. A petition to

enforce a subpoena is one where a rule may be employed rather than process. The commission merely seeks the aid of the court to enforce compliance with its subpoena.

The court proceeding is, thus, in a sense auxiliary to the exercise by the commission of its investigatory function. *Petition of Pennsylvania Crime Commission* (1971), 285 A. 2d 494, 496. R. C. 4112.04(B)(6) is not as detailed as it might be. It is, however, a statutory proceeding as mentioned in Civil Rule 1(C)(7).

The statute does give the power to investigate without starting an adversary proceeding. The legislative history of administrative commissions and the procedure followed generally in administrative procedure all bear out the fact that the legislative intention was to regard the petition under R. C. 4112.04(B)(6) as one not requiring a summons, but rather as an exception indicated by Civil Rule 1(C)(7).

Considering the nature of the proceedings, it is clear that the intention of the legislature in enacting R. C. 4112.04 (B)(6) and in the exception clause of Civil Rule 1(C)(7) mandates that the proper procedure must be a summary process, rather than by a summons under the Rules of Civil Procedure.

The judgment is reversed, the cause is remanded, and the trial court shall issue a show cause order without a summons.

*Judgment reversed.*

VICTOR, P. J., and MAHONEY, J., concur.

HARVEY, J., retired, of the Court of Common Pleas of Summit County, assigned to active duty under authority of Section 6(C), Article IV, Constitution, in the Ninth Appeldate District.