### 515 A.2d 365

Tom Flaherty, Controller of the City of Pittsburgh, Appellant *v.* Rick Burke, George Heslet, Gary P. Forrest and Richard S. Caliguiri, Individuals, Appellees.

Argued June 12, 1986, before President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge KALISH, sitting as a panel of three.

20

*Kevin C. Forsythe,* for appellant.

*Robert M. Brown,* with him, *Mark J. Murphy, Eckert, Seamans, Cherin & Mellott,* for appellee, Richard S. Caliguiri.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., September 24, 1986:

Thomas Flaherty appeals that portion of an Allegheny County Common Pleas Court order denying his petition for a rule to show cause why Richard S. Caliguiri should not forfeit the office of Mayor of the City of Pittsburgh.[1] We affirm.

Section 802 of the Pittsburgh Home Rule Charter (Charter) requires that (1) each candidate for nomination or election to city office file a preliminary account of receipts and expenses five days prior to the election

---

[1] This petition was filed under Pa. R.C.P. No. 209.

Flaherty does not appeal that portion of the common pleas court order denying his May 30, 1985 petition, as moot, to the extent that it sought a rule to show cause why Rick Burke, George Heslet, Gary P. Forrest and Mayor Caliguiri should not be prohibited from participating in the May 21, 1985 primary election.

and (2) the preliminary account provide information as of a time seven days prior to election. Flaherty, Controller of the City of Pittsburgh, alleges that Mayor Caliguiri's preliminary account for the May 21, 1985 primary election did not include any receipts after April 23, 1985. Mayor Caliguiri allegedly received over $60,000 in contributions from a May 2, 1985 fundraiser. Section 804 of the Charter provides that elected officials shall forfeit their office if they falsify or fail to make a preliminary account of campaign contributions as required by Section 802 of the Charter.

Mayor Caliguiri contends that the common pleas court correctly held that it had no jurisdiction to hear this case. We agree.

Flaherty has not filed a *praecipe* for a writ of summons, complaint, or agreement for an amicable action, as required by Pa. R.C.P. No. 1007 to commence an "action." However, proceedings by rule may be had where authorized by statute, as auxiliary for the facilitation of jurisdiction already had or as a means of correcting a court's own records. *Butler Area Sewer Authority v. Northwest Sanitary Sewer System Authority*, 3 Pa. Commonwealth Ct. 76, 281 A.2d 87 (1971).

Here, the petition clearly functioned as original process because there existed no pending action to which it could be considered auxiliary. *See Energy Explorations Appeal*, 44 Pa. Commonwealth Ct. 511, 404 A.2d 741 (1979).[2] Likewise, Flaherty did not petition to

---

[2] Flaherty incorrectly interprets *Pennsylvania Crime Commission Petitions*, 446 Pa. 152, 160, 285 A.2d 494, 498 (1971), as authorizing this proceeding by rule as "auxiliary to the exercise by the [Controller] of [his] investigatory function." As this Court has explained:

The exception to the general unavailability of a petition and rule to commence proceedings found in Petition of Pennsylvania Crime Commission, 446 Pa. 152, 285 A.2d

correct the common pleas court's records. And finally, there is no statutory authorization to proceed by petition for a rule in this case. In *Pennsylvania Crime Commission Petitions*, 446 Pa. 152, 160, 285 Pa. 494, 498 (1971), our Supreme Court allowed a petition for a rule to commence proceedings because "[t]he Crimes Commission Act, §3 . . . provides that the Commission may 'seek the aid of' the court to enforce compliance with its subpoenas." No such statute exists in this case. Even assuming that the common pleas court correctly concluded that Section 1636 of the Pennsylvania Election Code (Code)[3] applies to reports required by the Charter, as well as reports mandated by the Code,[4] this sec-

---

494 (1971) resulted from implied *statutory authorization* for court proceedings as an auxiliary aid to the commission's investigatory powers.

*Energy Explorations Appeal*, 44 Pa. Commonwealth Ct. at 513, 404 A.2d at 743 (emphasis added). Therefore, Flaherty's discussion of the scope of his Charter powers, in light of *Pennsylvania Crime Commission Petitions* and similar cases, is meaningless absent some alleged *statutory authorization* for court proceedings as an auxiliary aid to these powers.

[3] Act of June 3, 1937, P.L. 1333, *as amended,* added by Section 2 of the Act of October 4, 1978, P.L. 893, *as amended,* 25 P.S. §3256.

[4] 25 P.S. §§2600—3591.

Although Section 802 of the Charter provides that "[t]he preliminary account shall be in the same form and contain the same information as required by law . . . [,]" Section 1636 of the Code provides, in pertinent part:

(a) Within ninety (90) days after the last day for filing any *report and affidavit required by this act,* any five (5) electors of the Commonwealth or of the political division may present a petition to the court of common pleas of the county in which is situated the office where such original report has been filed or with the Commonwealth Court in the case of original report filed with the Secretary of the Commonwealth for an audit of such report.

(Emphasis added.)

tion requires *five electors* to petition the appropriate court for a report audit. Moreover, not even Section 404(j) of the Charter authorizes commencement of proceedings by petition for a rule. It merely empowers the Controller to *"audit . . .* preliminary accounts . . . , . . . *publish* the results of these audits and *inform the proper authorities* of any violation of law revealed by the audit." (Emphasis added.)

Because the proceeding below was improperly commenced, the common pleas court had no power to act and no jurisdiction over Mayor Caliguiri.

The common pleas court's decision is affirmed.

ORDER

The Allegheny County Common Pleas Court order, No. GD 85-8933 dated August 6, 1985, is affirmed.