# Berger v. Berger, Appellant.

*Payment—Assignment of stock—Presumption—Evidence.*

1. Where shares of stock are transferred by a debtor to a creditor, the presumption is that they are assigned as collateral security for the debt, and not as payment thereof.

*Equity—Equity pleading—Responsive answer—Setting up new contract.*

2. An answer responsive to the plaintiff's bill is conclusive in favor of the defendant unless it is overcome by the satisfactory testimony of two witnesses, or of one witness corroborated by other facts which give it greater weight than the answers, or which are equivalent in weight to two witnesses; but the averment of another subsequent, independent and distinct fact, such as a new and different contract, not stated in the bill is not responsive and therefore not within the rule.

3. Where a different contract is set up by the defendant in his answer and it is alleged that the new contract superseded the one set up

in the bill, the defendant has the affirmative of the issue on the allegation as to the subsequent matters, and must make proof.

4. Where a bill in equity for the reassignment of stock alleged by the bill to have been pledged as collateral, is met by an answer alleging a later transaction by which the stock originally pledged became vested in the defendant in absolute ownership, the burden is on the defendant to prove the later transaction.

*Evidence—Party dead—Husband and wife.*

5. Where a husband is incompetent to testify because of the death of the other party to the contract, the wife is also incompetent.

Argued April 26, 1910. Appeal, No. 137, April T., 1910, by defendant, from decree of C. P. No. 2, Allegheny Co., April T., 1909, No. 154, on bill in equity in case of Carrie H. Berger, Administratrix of the Estate of Charles A. Berger, deceased, v. William Berger and Homewood Building & Loan Association. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Bill in equity for a reassignment of stock of a building and loan association.

HAYMAKER, J., found the facts to be as follows:

1. We find that Charles A. Berger, the plaintiff's intestate, in August, 1907, purchased a newspaper route for $2,600; that not having sufficient money to pay for the same, he applied to his father, William Berger, the defendant, for a loan of $2,400, which amount the father procured for him by giving a mortgage on his real estate for that amount, and paid the proceeds thereof to his son, to wit, $2,400; that on September 4, 1907, an agreement was entered into between the father and son whereby the son agreed to repay the father from time to time until this indebtedness of $2,400 and interest should be fully paid and satisfied, and assigned and transferred thereby twenty shares of stock in said association to the father, and also agreed to assign to him a certain life insurance policy for $1,500, which policy the father was to hold as collateral security for said loan and reassign the same

when said indebtedness should be fully paid; that on September 23, 1907, the son, by writing, transferred to the father the same shares of stock, then worth $713; that in January, 1908, the son sold this newspaper route and with the proceeds of this sale paid and discharged the Schmitz mortgage; that about the time of the sale of this route by the son, he borrowed the further sum of $350 from his father, and out of the proceeds of the sale paid the father $200 on account of the loan of $350, leaving a balance due the father of $150.

2. Charles A. Berger, the son, died February 22, 1908, intestate, and letters of administration on his estate were granted to Carrie H. Berger, his widow and plaintiff in this case, on February 28, 1908. The administratrix tendered payment to William Berger of the amount she believed to be due him, and has been at all times ready and willing to pay the same, upon the transfer and delivery to her of said shares of stock. The estate of Charles A. Berger is indebted to William Berger for the balance of said loan of $350, to wit, $150, with interest from January 1, 1907, and also in the amount paid David S. McCann, Esq., by William Berger, for legal services in relation to the Schmitz mortgage. and recording same, $27.50; and for interest on said mortgage by defendant for his son, $36.00; and the further amount paid by defendant, $55.00, due on the stock, on which several amounts the defendant is entitled to interest to January 4, 1909.

3. We further find that there is no evidence in the case to prove that the father loaned the son any money other than on the two occasions of which we have spoken, when he gave him $2,400, which the son subsequently repaid by discharging the mortgage and $350, of which the son paid $200 on account.

4. The defendant made no application to the association, during the lifetime of his son, to have the stock transferred to him on the books of the association, although he claims to have been the absolute owner of the

308      BERGER *v.* BERGER, Appellant.

Statement of Facts—Opinion of the Court.   [44 Pa. Superior Ct.

stock for five months prior to the death of his son, during which time the defendant paid the biweekly dues on the stock to the association and was in possession of the son's pass book with the association.

The court entered a decree directing a reassignment of the stock in controversy.

*Error assigned* was the decree of the court.

*F. C. McGirr,* of *Marron & McGirr,* for appellant.— There was no sufficient evidence to sustain plaintiff's bill: Burke's App., 99 Pa. 350.

There was no legal presumption that the assignment was for collateral security only: Cunningham v. Smith, 70 Pa. 450.

An assignment originally for security, may, by agreement of the parties, be thereafter made absolute: Page v. Burnstine, 3 MacArthur (D. C.), 194.

*J. H. Harrison,* for appellee.—The burden of proof was on the defendant: Coleman v. Ross, 46 Pa. 180; Vollmer's App., 61 Pa. 118; Naglee's Est., 52 Pa. 154; Miller v. Walsh, 1 North. 194; Burke's App., 99 Pa. 350.

The wife of the appellant was not competent to testify in a contest growing out of a transaction between appellant and a deceased party: Bitner v. Boone, 128 Pa. 567; Sutherland v. Ross, 140 Pa. 379; Myers v. Litts, 195 Pa. 595.

OPINION BY HENDERSON, J., October 10, 1910:

If the finding of facts made by the court below can be sustained the decree was appropriately entered and we are not persuaded that the court was in error in this respect. The case does not depend on the uncorroborated evidence of the plaintiff for it is conceded that the assignment of the building and loan association stock was made in the first instance as collateral security for the payment of the loan of $2,400 obtained by the defendant

for Charles A. Berger, and it is also admitted that this loan was paid in the lifetime of the decedent. In the absence of evidence that the stock was transferred to the defendant in satisfaction of a loan the assignment is presumed to be collateral security for the debt. The transaction did not amount to payment. It gave to the creditor additional means of making himself whole, but if the stock proved to be valueless the debtor continued liable on his personal obligation: Perit et al. v. Pittsfield et al., 5 Rawle, 166; Stone v. Miller, 16 Pa. 450. There is no evidence that the decedent was indebted to his father for more than the $2,400 at the time the assignment of September 23 was made, and this assignment is consistent with the agreement of September 4, 1907. William Berger recognized the collateral character of the latter document. He did not procure a new certificate of stock for the shares assigned by his son until after the death of the latter, and apparently intended to hold the stock with the relation thereto which the contract of September 4 created. The argument that the answer is not overcome by the plaintiff's evidence loses its weight when we consider that the defendant sets up a new contract not pleaded by the appellee and made subsequently to the transaction set forth in the bill. That an answer responsive to the plaintiff's bill is conclusive in favor of the defendant unless it is overcome by the satisfactory testimony of two witnesses or of one witness corroborated by other facts which give it greater weight than the answer or which are equivalent in weight to two witnesses is well understood, but it is equally well determined that another subsequent, independent and distinct fact not stated in the bill is not responsive and therefore not within the rule. Whatever constitutes a part of the facts stated in the bill the defendant should set out, but while thus becoming a witness for the plaintiff he cannot testify for himself and introduce other facts by way of defense or avoidance. Where a different contract is set up by the defendant and which is alleged to have superseded the one charged by the plain-

tiff the defendant has the affirmative of the issue on the allegation as to the subsequent matters, and must make proof: Pusey et al. v. Wright et al., 31 Pa. 387; Eaton's Appeal, 66 Pa. 483. The averment contained in the answer that the defendant Berger bought the stock from his son and paid therefor at a time subsequent to the matters set up in the plaintiff's bill is pleaded by way of defense and avoidance. It is claimed that this later transaction set aside the pledge and vested in Wm. Berger absolute title to the stock. This was a distinct transaction not involved in the case as made up by the plaintiff and one with reference to which the defendant must offer proof if he seek to avail himself of it. It is not a responsive averment within the rule regulating the effect of an answer in equity. The court was not in error, therefore, in holding that there was no proof of other loans by Wm. Berger than $2,400 and $350.

We regard the question of the competency of Mrs. Berger to testify in favor of her husband as settled in Bitner v. Boone, 128 Pa. 567, and Myers v. Litts, 195 Pa. 595. The disability of husband or wife to testify in favor of the other is based in part on the identity of the interests of the husband and wife and in part on considerations of public policy which hold it to be necessary in order to promote the harmony of the domestic relation and the confidence of private life. In any view of the case Mrs. Berger was not competent to testify.

The decree is affirmed.