## Tioga No. 2 Building Association *v.* North Philadelphia Trust Company, Appellant.

Argued October 22, 1936.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Samuel K. White,* of *Peck & White,* for appellant.

*I. Emanuel Sauder,* for appellee.

OPINION BY BALDRIDGE, J., January 29, 1937:

This is an appeal from the order of the court below appointing a trustee to appraise and sell certain mortgages under the authority of the Act of 1927, April 27, P. L. 460, §1 (12 PS §1791), which provides for the sale of personal property where joint owners, other than partners or husband and wife, cannot arrive at a satis-

factory agreement with the other owners in respect to its disposition.

The defendant, North Philadelphia Trust Company, was the trustee, of a certain fund of $16,003.90 invested in mortgages, in which Edgar A. Hobson, upon the death of his mother, had a one-third interest. On November 22, 1933, Hobson assigned, transferred and set over unto the trust company, its successors and assigns, all his right, title and interest in the aforesaid remainder. The transfer, although absolute on its face, admittedly was security only for the sum of $3,600 advanced by the trust company to Hobson. On May 14, 1934, the life tenant died. On that date Hobson's interest in the fund amounted to $5,201.26. The trust company advanced to him the further sum of $298.74 and assigned to itself, as trustee, two mortgages agregating $5,500. There was then due the trust company $3,933.27, and Hobson was advised by letter, dated August 13, 1934, that his equity in the two mortgages amounted to $1,566.73.

On November 8, 1935, while certain litigation between Hobson and the trust company was pending, concerning tax liability on premises which the trust company held as dry trustee for Hobson, he assigned to the Tioga No. 2 Building Association all his title in the two mortgages "held in the name of the North Philadelphia Trust Company, for, and on behalf of the North Philadelphia Trust Company and Edgar A. Hobson."

The association, after the trust company refused its request to appoint a trustee to sell the mortgages, petitioned the court alleging that it was a joint owner of the mortgages with the trust company, and prayed for the appointment of a trustee to sell the mortgages, as provided by the Act of 1927, supra. The trust company filed an answer, denying that the association was a joint owner, and alleging that the mortgages assigned were security not only for money advanced to Hobson, but for the taxes paid by it, concerning which the litigation

aforesaid was pending; that a forced sale thereof would result in a financial loss, and offered to render an accounting after the determination of the tax suits and the sale of the mortgages. A replication was filed thereto, and after an argument on the issues raised in the pleadings, the court entered a decree appointing a trustee to sell the mortgages, stating that, in its opinion, the trust company could not be harmed inasmuch as it was to be reimbursed for all monies advanced to Hobson before distribution would be made to plaintiff, and that the question of the possible liability of Hobson for the taxes could be determined by the trustee after all the facts had been presented to him, and the defendant recouped if Hobson was found to be liable.

At common law, owners of personal property could not compel partition. In the absence of a remedy at law, the courts of chancery in England and in most jurisdictions in this country granted relief, and the general rule today is, that personal property of every class is subject to partition: 20 R. C. L. p. 741, §26; 47 C. J. p. 294, §66; note 27 L. R. A. (N.S.) 618; Freeman, Cotenancy and Partition, §426. Our equity courts acquired the jurisdiction of a court of chancery, but only so far as expressly provided by statute, and until the Act of 1927, supra, partition of personal property was not available. Section 1 of that statute provides:

"Whenever personal property is owned jointly, by persons who are not husband and wife, and any one of such persons desires to dispose of his or her right, title and interest in said personal property, and cannot arrive at a satisfactory arrangement with the other owner or owners of such personal property, it shall be lawful for such person to petition to the court of common pleas . . . . . . citing the facts of such joint ownership . . . . . . and the inability of the joint owners thereof to agree . . . . . ."

This is not a case of joint ownership, with the essential

attributes of unity of interest, title, time and possession (2 Blackstone p. 180), but of successive assignments of mortgages. The Act of 1927 has no application. The status of the trust company is that of a pledgee or assignee of personal property, and its right to the proceeds of the security is paramount to that of the association claiming under an assignment subsequently executed. "Where the owner of a mortgage attempts to assign the same security to different persons, the essentials to a valid assignment being present in each instance, the general rule is that the purchaser who was first in time is also first in right"; 41 C. J. p. 685, §705. Williston, in his work on Contracts, vol. 1, p. 842, §441, states that where the assignment is absolute and the intention is manifested, the assignee may enforce the entire claim against the debtor, and, having done so, he may retain the amount due to himself and turn the remainder over to the assignor, as the assignment is, in effect, total, so far as the collection of the claim is concerned. "The assignee is dominus of the collection." (p. 843)

In *First Natl. Bank v. Getty, Exrx.*, 118 Pa. Superior Ct. 326, 331, 179 A. 764, this court, speaking through STADTFELD, J., said:

"There is no question as an abstract proposition of law that upon a contract of pledge the general property in the thing pledged remains in the pledgor, and only a special property vests in the pledgee, and the latter acquires no interest in the property except as security for his debt. Regardless, however, as to who retains the technical legal title, a contract of pledge or a contract of assignment as collateral security gives to the pledgee or assignee the undoubted right to collect and realize upon the pledged or assigned chose in action. In 49 Corpus Juris 1019, it is stated, 'A pledgee has the right to enforce and collect a pledged chose in action by suit thereon.' "

Hobson, as pledgor, could not have ordered the trust

company to sell the collateral. If he desired it returned, it was his duty to pay the debt: *Gordon, Sec'y of Banking v. Mitchell,* 320 Pa. 277, 182 A. 386. The right of plaintiff, as assignee, can rise no higher than that of Hobson, its assignor.

The appellee recognizes that the Act of 1927 does not apply if the transaction between Hobson and the trust company is simply an assignment or a pledge of two mortgages as collateral security; and that is all it is. In its brief, it contends that when the trust company distributed the estate and delivered to itself the two mortgages in question, its action in sending Hobson a letter advising him that it had advanced $3,933.27 and that he had an interest of $1,566.23 amounted to an accounting in which the trust company accepted an interest in the mortgages in payment of Hobson's obligations, and that thereafter the parties were joint owners of the mortgages. The trust company, in its answer, acknowledged writing a letter to Hobson advising him of the amount it had advanced, but denied that it rendered an accounting. The letter was not attached to or made part of the petition; but neither from the reference made thereto nor from any part of the record do we find anything to support the construction placed thereon by the appellee. It was not averred that the trust company agreed to accept an interest in the mortgages for satisfaction of the debt, nor does it appear that the relationship of the parties in anywise had changed. In the absence of an averment of such an agreement, or of facts establishing the change in conditions that would affect the status of the parties, it must be presumed that the original relationship continued: 49 C. J. 923, §57; *Stone v. Miller,* 16 Pa. 450; *Berger v. Berger,* 44 Pa. Superior Ct. 305.

Whether or not the trust company had the right to hold the mortgages as collateral for future advances for taxes is a matter which is not before the court; it

can be raised in a proper proceeding. The lower court, in stating that the liability of Hobson could be presented to and determined by the trustee appointed under the act to sell the mortgages, was extending the scope of the act beyond its purpose.

A careful consideration of the issues involved in this appeal convinces us that the court erred in holding that there was a joint ownership of the mortgages and in appointing a trustee to sell the assigned or pledged property.

Decree is reversed, at appellee's costs.