Pennsylvania Human Relations Commission, Petitioner, *v.* Othar Hansson, Iceland Products, Inc., Respondent.

162

Argued January 6, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Anne Farrer,* Assistant General Counsel, with her *Sanford Kahn,* General Counsel, for petitioner.

*J. Thomas Menaker,* with him *McNees, Wallace & Nurick,* for respondent.

OPINION BY JUDGE WILKINSON, January 27, 1975:

The narrow issue before us in this case is raised by the Pennsylvania Human Relations Commission petitioning this Court for the enforcement, under Section 7(g) of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended,* 43 P.S. §957(g), of its subpoena duces tecum. Section 7(g), in pertinent part, provides: "To hold hearings, subpoena witnesses, compel their attendance, administer oaths, take testimony of any person under oath or affirmation and, in connection therewith, to require the production for examination of any books and papers relating to any matter under investigation where a complaint has been properly filed before the Commission. . . ."

A complaint had been filed with the Commission alleging that the respondent denied the complainant em-

ployment because of his sex. The complaint was under investigation and respondent had furnished the Commission with some information and documents concerning the complaint. However, when a request was made for

"1. Copies of pre-employment applications of all those hired in the position of packer by Iceland Products, Inc., from January 1, 1972, through January 1, 1974.

"2. Copies of pre-employment applications of all those rejected for the position of packer by Iceland Products, Inc., from January 1, 1972 through January 1, 1974.",

the request was denied. The subpoena duces tecum followed and, on advice of counsel, respondent did not appear at the time and place specified in the subpoena duces tecum and did not supply the documents. By stipulation in the record, it is established that had respondent appeared at the time and place specified, the Commission would not have conducted an interrogation or a hearing, but would have merely taken the documents for review as part of its investigation to determine if probable cause existed to credit the allegation of the complaint. It is further stipulated that if these documents, together with other facts developed during the investigation, indicated there was probable cause for the complaint and if efforts to eliminate the alleged unlawful discrimination by conciliation failed, then pursuant to Section 9 of the Act, 43 P.S. §959 (Supp. 1974-1975), a hearing would have been scheduled.

The narrow issue raised by respondent is whether Section 7 (g) of the Act restricts the Commission's right to issue a subpoena to those instances where a hearing is being held. At the time this case was instituted in this Court on July 24, 1974, and came on for hearing on August 7, 1974, our Supreme Court had not handed down its opinion in *Pennsylvania Human Relations Commission v. United States Steel Corp.,* —— Pa. ——, 325 A. 2d 910

(1974), which came down on October 16, 1974. Although not the actual holding in that case, certainly the reasoning of both the majority and the dissenting opinions is controlling and requires that the prayer of the petition in the instant case be allowed.

In *Pennsylvania Human Relations Commission v. United States Steel Corp., supra,* the issue was whether interrogatories served by the Commission need be answered by a respondent against whom a proper complaint had not been filed. The majority held that lacking a proper complaint, the Commission had no authority to require that interrogatories be answered as part of its investigatory powers. The Court expressly reserved a decision as to whether the powers of investigation included the issuance of interrogatories in those instances where a complaint had been filed. Speaking for the majority, Chief Justice JONES stated: ". . . However, except in the case of investigatory hearings relating to racial problems under Section 8.1 (43 P.S. §958.1), the appellant's arsenal of formal evidence-gathering powers, found in Section 7(g) (43 P.S. §957(g)), is usable only 'where a complaint has been properly filed before the Commission.' " —— Pa. at ——, 325 A. 2d at 914 (footnote omitted).

In his dissent, Justice ROBERTS stated: "To support the conclusion that the Commission's power to use subpoenas to gather evidence is unavailable in the absence of a complaint, the majority relies upon section 7(g) of the Act." —— Pa. at ——, 325 A.2d at 917.

It is clear that Justice ROBERTS, with concurrence from Justice WIX and perhaps from Justice MANDERINO would hold that the Commission has authority to issue a subpoena duces tecum with or without a complaint. Since in the instant case, there is no question but that a proper complaint has been filed, it would appear that we have a current and very strong expression of opinion by a unanimous Pennsylvania Supreme Court requiring the granting of the prayer of this petition.

Accordingly, we enter the following

ORDER

NOW, January 27, 1975, after hearing and argument on the petition for order to enforce subpoena submitted by the Pennsylvania Human Relations Commission in this matter, it is hereby ordered that Othar Hansson of Iceland Products, Inc., respondent, appear before the Pennsylvania Human Relations Commission at such reasonable time and place as shall be determined by the Commission and produce such documents as are required by the subpoena of the Pennsylvania Human Relations Commission issued on July 8, 1974.