463 Pa. 120 (1975)
344 A.2d 456
COMMONWEALTH of Pennsylvania, Appellant,
v.
WASHINGTON TOWNSHIP, FAYETTE COUNTY, et al.
Supreme Court of Pennsylvania.
Argued October 11, 1974.
Decided October 3, 1975.
*121 Terry R. Bossert, Asst. Atty. Gen., Harrisburg, Dennis J. Harnish, Spec. Asst. Atty. Gen., Harrisburg, for appellant.
Joseph R. Rygiel, Uniontown, Counsel for Township of Washington and the Municipal Authority of the Township of Washington.
Philip T. Warman, Warman & Warman, Wm. A. Tantlinger, Uniontown, for appellees.
Before JONES, C.J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION OF THE COURT
NIX, Justice.
Appellant, the Commonwealth of Pennsylvania, filed an original petition in the Commonwealth Court seeking an order requiring compliance with final orders of the Department of Environmental Resources.[1] Those orders *122 were issued pursuant to section 203 of the Clean Streams Law, Act of June 22, 1937, P.L. 1987, Art. II, § 203 as amended, Act of July 31, 1970, P.L. 653, No. 222, § 5, 35 P.S. § 691.203 (Supp. 1974-75). Appellant's petition was filed pursuant to section 210 of the Clean Streams Law, supra § 210, as amended, 35 P.S. § 691.210 which provides:
"It shall be the duty of the corporate authorities of a municipality upon whom an order is issued pursuant to section 203 of this act to proceed diligently, in compliance with such order. If the corporate authorities fail to proceed diligently, or if the municipality fails to comply with the order within the specified time, the corporate authorities shall be guilty of contempt and shall be punished by the court in an appropriate manner and, for this purpose, application may be made by the Attorney General to the Court of Common Pleas of Dauphin County, until such time as the Commonwealth Court comes into existence and thereafter the Commonwealth Court instead of said Court of Common Pleas of Dauphin County, or to the court of common pleas of the county wherein the municipality is situated, which courts are hereby given jurisdiction." (Footnote omitted).
The Commonwealth Court sustained preliminary objections of certain of the municipalities and dismissed the Commonwealth's petition. The Commonwealth Court held that section 210 is limited to enforcement through sanctions and that where, as here, the Commonwealth seeks an order requiring the municipalities to comply with an administrative order it must do so pursuant to section 601 of the Clean Streams Law, supra § 601, as amended, 35 P.S. § 691.601 by instituting proceedings in compliance with Pa.R.C.P. 1007. The Commonwealth appealed from this ruling.
Appellant contends that the Commonwealth Court has interpreted section 210 too restrictively. We *123 agree. Where a municipality has failed to comply with a Department of Environmental Resources order, the Attorney General is authorized by section 210 to make application to the Court seeking punishment by the court in an "appropriate manner." We do not read this section as precluding all enforcement other than a sanction. Indeed, in our view, "appropriate manner" should be read broadly to include an order requiring compliance and we so hold. Further, since section 210 has its own procedure, Rule 1007 need not be employed. See Pennsylvania Crime Commission Petitions, 446 Pa. 152, 285 A.2d 494 (1971). Accordingly the Commonwealth's petition should not have been dismissed on these grounds.
The order of the Commonwealth Court is vacated and the case is remanded for further proceedings consistent herewith.[2]
POMEROY, J., dissents.
NOTES
[1] The appeals taken from these orders were withdrawn.
[2] The opinion of the Commonwealth Court suggests that the prayer of the petition requesting the payment of specific sums of money to the Pennsylvania Clean Water Fund by the municipalities upon their failure to comply is not an appropriate relief under section 210. No explanation was given for this conclusion nor was it essential to the result reached by that court. In view of our conclusion we find no reason to consider this issue.