## State Farm Mutual Automobile Insurance Co. v. Panarello

*William K. Herrington,* for plaintiff.
*Irving M. Portnoy,* for defendant.

FINKELHOR, *J.,* April 15, 1977 — The above-captioned case came before the court as a Calendar Control matter on petition of plaintiff, State Farm Mutual Automobile Insurance Company (the carrier),[1] under Section 401 of the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. §1009.401 (Supp.). Plaintiff (or properly, petitioner) State Farm seeks the examination of the insured (defendant) to determine the mental or physical condition of said insured for continued payments for bodily injuries from a motor vehicle accident. Upon direction of the court, the insured has filed an answer to the obligor's (or carrier's) petition.

---

1. The statute uses the word "obligor."

This petition raises the question of the proper procedure to use in enforcing Section 401 of the "No-Fault" Act.

The basic facts are not in dispute. State Farm issued a policy of insurance containing "no-fault" benefits to Nancy Panarello. Ms. Panarello was involved in a motor vehicle accident in Swissvale on August 24, 1976. She applied for and received "no-fault" benefits for the payment of medical services rendered to her for injuries allegedly sustained in the accident and for lost wages and replacement services. On or about December 8, 1976, the carrier scheduled a medical examination for the insured and the insured refused to comply.

The last claim for benefits was submitted to the carrier on February 11, 1977.

It is State Farm's position that the insured should have recovered from the alleged soft tissue injuries to the lower back, as set forth in the complaint, and that a physical examination is necessary to verify Ms. Panarello's condition under both the "No-Fault" Act and the terms of the insurance policy.[2] The insured alleges that "good cause" has not been established.

Section 401 of the "No-Fault" Act provides as follows:

"Whenever the mental or physical condition of a person is material to any claim that has been or may be made for past or future basic loss benefits, a court of competent jurisdiction may order the person to submit to mental or physical examina-

_____

2. "Reporting a Claim — Insured's Duties Paragraph No. 4 (B)" states as follows: "The person making a claim shall also (B) consent to be examined by physicians chosen and paid by us as often as we reasonably may require. A copy will be sent to the person upon written request." (Plaintiff's Petition.)

tion by a physician or physicians. The order may be made *only on the motion for good cause shown* and upon notice to the person to be examined and to all other persons having an interest and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." July 19, 1974, P.L. 489 (No. 176), art. IV, sec. 401, 40 P.S. §1009.401. (Emphasis added.)

Section 402 provides that the insured may request a copy of the physician's report, section 403 sets forth orders that may be issued by the court in the event of the insured's refusal to permit a physical examination, and section 404 provides for a hearing to determine the responsibility of the obligor for the continued payment of "no-fault" benefits to the injured person.

The issue of whether the insured is required to submit to a physical examination and the procedure to compel compliance are of first impression in this court.

Pa. R.C.P. 1007 provides for the commencement of a legal action in Pennsylvania by: (1.) a writ of summons; (2.) a complaint; or (3.) an agreement for amicable action.

As quoted, infra, section 401 of the "No-Fault" Act provides for the commencement of proceedings by a "motion for good cause shown," even though such motions are usually ancillary to a pending case in the court: Hartmann v. Peterson, 438 Pa. 291, 265 A.2d 127 (1970); Cooney v. Pa. Osteopathic Association, 434 Pa. 358, 253 A.2d 256 (1969); Short v. School District, 108 Pa. Superior Ct. 503, 165 Atl. 669 (1933). In effect, the act provides for a rule to show cause (Pa. R.C.P. 207, et seq.) as a separate and independent pro-

ceeding, and gives to the carrier the benefit of discovery, even though there is no primary action.

While we feel that this procedure may return to the courts the determination of automobile accident injuries and eradicate the projected savings from the "no-fault" procedure, a rule may be employed as original process where so designated by the Legislature: Commonwealth v. Washington Township, 463 Pa. 120, 344 A.2d 456 (1975); Pennsylvania Crime Commission Petitions, 446 Pa. 152, 285 A.2d 494 (1971). In Washington Township, supra, the Commonwealth filed an original petition under section 210 of the Clean Streams Law to enforce compliance with the final orders of the Department of Environmental Resources. The Commonwealth Court rules that the proceedings should have been instituted pursuant to Pa. R.C.P. 1007. This order was vacated on the ground that since section 210 has its own procedure, it was not necessary to proceed under Pa. R.C.P. 1007.

A review of the language of section 401 establishes the intent of the Legislature to use the courts for the "supervision" of "no-fault" payments. This section clearly states that the carrier may request a physical examination by a "Motion." While the court may question the efficiency of this procedure, the unambiguous statutory language of section 401 falls within the ruling of Commonwealth v. Washington Township, supra.

The instant petition was scheduled before "Calendar Control." As the petitioning carrier must show "good cause" for the proposed examination, and as such "good cause" may require a hearing or the taking of testimony to determine the validity of the demand, this matter should properly

have been presented to the Motions Judge with appropriate verified allegations to establish "good cause."[3] Based upon the instant discussion, the motion will be continued, and the carrier will be granted fifteen days to secure a hearing date, as set forth in Pa. R.C.P. 209.

In view of the language of the policy, we are not ruling on the substantive issue of whether a claimant can be required to submit to a physical examination.

## ORDER

And now, April 15, 1977, upon the petition of State Farm Mutual Automobile Insurance Company to require medical examination under section 401 of the Pennsylvania No-Fault Act, it is hereby ordered, adjudged and decreed that petitioner shall be granted fifteen days from the date of this order to take depositions on disputed issues of fact or to schedule a hearing date on the disputed issues of fact in accordance with Pa. R.C.P. 209.

---

3. In our judgment, the local rules should make specific provision for the processing of these petitions.