## Weiss v. Weiss

*Terrill Weiss,* p.p. for plaintiff.
*John J. Myers,* for defendant.

COLBERT, *J.,* June 21, 1977—Defendant herein has entered a special appearance in this action solely for the purpose of bringing preliminary objections disputing the jurisdiction of this court over herself and over the subject matter of the case. These objections are presently before us.

Plaintiff, acting without assistance of professional legal counsel, commenced this action in equity by filing a document entitled "Petition in Partition" in this court and personally serving a copy of the same upon defendant in Erie County, Pennsylvania. His petition requests the court to appoint a master to partition certain household goods now in the possession of defendant, his former wife, which he alleges to be the joint property of the parties.

Defendant objects to the maintenance of this action in Allegheny County on the grounds that it was not properly commenced with a complaint, a praecipe for writ of summons or an agreement for amicable action as required by Pa.R.C.P. 1007 and 1051 and that it is not within the venue of this court under the terms of Pa.R.C.P. 1503 and 1504. For these reasons, she asks that the matter be dismissed.

Defendant's first objection, claiming that this action is void because it was commenced with a "Petition," is without merit. She is correct in her statement of the general rule that Pa.R.C.P. 1007 (made applicable to equity cases by Pa.R.C.P. 1501), strictly regulates the methods by which an action may be commenced in our courts and that these rules do not authorize the commencement of an action by petition. She fails to note, however, that the legislature may establish exceptions to these general rules by creating specific statutory procedures for commencement of particular actions: Commonwealth v. Washington Township, Fayette County, 463 Pa. 120, 344 A.2d 456 (1975); Commonwealth v. Derry Township, Westmoreland County, 10 Pa. Commonwealth Ct. 619, 314 A.2d 868 (1973). In the instant case, the legislature has created just such an exception. Actions for partition of personalty are authorized by the Act of April 27, 1927, P.L. 460, 12 P.S. §1791. This statute remains in effect and has not been suspended by any court rule. It states:

"Whenever personal property is owned jointly, by persons who are not partners, or are not husband and wife, and any one of such persons desires to dispose of his or her right, title, and interest in said personal property, and cannot arrive at a

satisfactory arrangement with the other owner or owners of such personal property for the disposition of such personal property, it shall be lawful for such person *to petition* to the court of common pleas of the county wherein such property is situated, citing the facts of such joint ownership, the value of the property, and the inability of the joint owners thereof to agree to the amiable disposition thereof; whereupon the said court shall appoint a trustee for said personal property, which trustee, upon the filing of a bond in a sum in double the amount of the value of the personal property as set forth *in said petition, . . .* shall take immediate possession of said property." (Emphasis supplied.)

It appears clearly that the legislature has authorized plaintiffs who seek partition of personalty to commence an action under the foregoing act with a petition. In fact, plaintiffs seeking such relief may well be confined to this procedure exclusively, for equity jurisdiction may be assumed by our courts only so far as such jurisdiction is authorized by statute and we are aware of no other statutory authority for actions of partition of personal property. See Tioga No. 2 Building Association v. North Philadelphia Trust Company, 125 Pa. Superior Ct. 234, 189 Atl. 708 (1937). In this case, therefore, Mr. Weiss was correct in commencing his action with a petition.

Defendant's second objection, alleging lack of proper venue in this court, presents us with a problem that cannot be justly solved on the basis of the record before us. Plaintiff's petition makes no allegation whatever concerning the location of the personalty in question and neither party has presented us with further information to clear up the

question. Defendant relies upon the maxim mobilia sequuntur personam and claims that, under this doctrine, we must presume that the property is located in Erie County where she resides. While this principle still applies in certain cases involving intangibles, it was long ago discarded as a tool to determine the location of tangible personalty: Frick v. Pennsylvania, 268 U.S. 473, 45 S.Ct. 603, 69 L.Ed. 1058 (1925); Luick v. Luick, 164 Pa. Superior Ct. 378, 64 A.2d 860 (1949). We are concerned, instead, with the actual physical situs of the household goods in question.

Pa.R.C.P. 1503 provides that an action in equity may be brought against a private individual who is not a fiduciary only in a county where defendant, or a principal defendant, may be served or where the property, or part of the property, which is the subject matter of the action is located. 12 P.S. §1791, supra, more stringently restricts the venue of actions for partition of personalty to "the county wherein such property is situated." As defendant was not, in fact, served in Allegheny County, the ability of plaintiff to prosecute his action here depends upon the presence in this county of at least a part of the property which he asks to be partitioned.* As the parties have failed to give us any information at all concerning the actual whereabouts of the subject matter, except for plaintiff's averment that it is exclusively in defendant's possession, we cannot ascertain whether we have jurisdiction over this action, or any part of it, because we have no way of knowing where it is.

We have no doubt that plaintiff's failure to plead this essential jurisdictional fact could be treated as

---

*We do not here decide whether our authority in this matter is limited exclusively to property located within this county.

a fatal defect justifying dismissal at this stage. However, the rules of our court allow us to disregard errors or defects of procedure which do not affect the substantial rights of the parties, Pa. R.C.P. 126, and allow the liberal granting of the right to amend pleadings to secure a just disposition of a matter in litigation, so long as adverse parties are not prejudiced: Pa.R.C.P. 1033; Saracina v. Cotoia, 417 Pa. 80, 208 A.2d 764 (1965). We believe the best way of achieving a just result in this matter will be to permit plaintiff a reasonable period of time to amend his petition to recite the averments required by 12 P.S. § 1791, including a statement concerning the location of the goods he wishes to partition, and to state additional grounds for relief if he so desires: Pa.R.C.P. 1033. At this early stage in these proceedings, such amendment cannot prejudice defendant's cause nor affect her substantial rights. She may, of course, bring additional objections to any new matter raised by plaintiff's amendment which she could not have raised at this time.

The following order shall issue.

## ORDER OF COURT

And now, June 21, 1977, after argument and upon consideration of the record, it is hereby

Ordered, adjudged and decreed that defendant's preliminary objections be, and the same are, hereby dismissed, insofar as they allege that plaintiff's commencement of the within action by petition was improper, and sustained insofar as they allege plaintiff's failure to aver sufficient facts to establish the jurisdiction and venue of this court. Plaintiff is hereby granted leave to amend his petition in accordance with the foregoing opinion within 20 days of the date hereof.