Commonwealth of Pennsylvania, Acting by Attorney General Robert P. Kane v. Tri-State Hearing Aid Company, Appellant.

Argued May 4, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three.

*Raymond Radakovich,* with him *Frank & Radako-vich,* for appellant.

*Robert C. Edmundson,* Assistant Attorney General, with him *James E. Kennedy,* Deputy Attorney General, for appellee.

OPINION BY JUDGE BLATT, August 21, 1978:

The Tri-State Hearing Aid Company (appellant) appeals here from an order of the Court of Common Pleas of Allegheny County dismissing its preliminary objections to a petition and rule seeking compliance with a subpoena issued by the Pennsylvania Bureau of Consumer Protection (Bureau) under authority of the Attorney General.

The appellant is a hearing-aid sales company. On July 31, 1976, the Bureau issued a subpoena pursuant to Section 919 of the Administrative Code of 1929,[1] 71

---

[1] Act of April 9, 1929, P.L. 177, *as amended,* added by Section 1 of the Act of December 17, 1968, P.L. 1221, Section 919 provides in pertinent part:

 (a) The Attorney General shall be authorized to require the attendance and testimony of witnesses and the production of any books, accounts, papers, records, documents, and files relating to any commercial and trade practices which the Bureau of Consumer Protection has authority to investigate and conduct private or public hearings; and, for this purpose, the Attorney General or his representative may sign subpoenas, administer oaths or affirmations, examine witnesses and receive evidence during any such investigation

P.S. §307-3, directing the appellant to appear at the Bureau's Pittsburgh office at a specified time and to bring documentary materials relating to hearing tests administered to two specified individuals who had filed complaints with the Bureau regarding appellant's services. After the appellant failed to appear, the Commonwealth petitioned the lower court for a "Rule Upon [appellant] To Show Cause Why An Order To Compel Compliance With A Subpoena Issued By The [Bureau] Should Not Issue." The Rule was granted and notice thereof was duly given to the appellant, which then filed preliminary objections challenging the jurisdiction of the lower court. These objections were overruled by the lower court and this appeal followed.[2]

The appellant maintains that the lower court did not have jurisdiction over its person because the Commonwealth did not commence the subpoena enforcement proceeding in compliance with the Pennsylvania Rules of Civil Procedure. Specifically, the appellant questions whether a petition for a rule to show cause was a proper way to initiate these proceedings in light

---

or public or private hearing. In case of disobedience of any subpoena or the contumacy of any witness appearing before the Attorney General or his representative, the Attorney General or his representative may invoke the aid of the Commonwealth Court or any court of record of the Commonwealth, and such court may thereupon issue an order requiring the person subpoenaed to obey the subpoena or to give evidence or to produce books, accounts, papers, records, documents and files relative to the matter in question. Any failure to obey such order of the court may be punished by such court as a contempt thereof.

[2] This appeal is authorized by Section 1 of the Act of March 5, 1925, P.L. 23, *as amended*, 12 P.S. §672, *repealed in part* by Section 509(g)(30) of The Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended*, 17 P.S. §211.509(g)(30) (vesting jurisdiction in the Commonwealth Court).

of Pa.R.C.P. No. 1007.[3] We hold that it was and therefore affirm the order of the lower court.

Our Supreme Court rejected the identical argument in regard to subpoenas issued by the Pennsylvania Crime Commission in *Pennsylvania Crime Commission Petitions,* 446 Pa. 152, 285 A.2d 494 (1971). Concerning the application of Pa.R.C.P. No. 1007 to subpoena enforcement procedures identical to those employed here, the Court stated:

> Rule 1007 provides that 'an action' may be commenced by the filing of a praecipe for a writ of summons, a complaint, or an agreement for an amicable action. 'Action' is defined in Rule 1001 to mean action in assumpsit, and by extension in later rules also includes actions in trespass, equity, ejectment, and the various other forms of action covered by the rules. *None of the rules embraces the kind of proceeding here involved. Rule 1007 is therefore not applicable.*

(Emphasis added, footnote omitted.)
446 Pa. at 159, 285 A.2d at 498.
Our Supreme Court has also held that the Department of Environmental Resources need not utilize the procedures outlined in Pa.R.C.P. No. 1007 to compel obedience to its administrative orders but instead may use procedures similar to those used here. *See Commonwealth v. Derry Township,* 466 Pa. 31, 351 A.2d 606 (1976); *Commonwealth v. Washington Township,* 463 Pa. 120, 344 A.2d 456 (1975). We believe, therefore, that the procedures used here to compel compliance with the Bureau's subpoena were proper.

---

[3] Pa.R.C.P. No. 1007 provides:

An action may be commenced by filing with the prothonotary

 (1) a praecipe for a writ of summons,

 (2) a complaint, or

 (3) an agreement for an amicable action.

278

The order of the lower court is affirmed.

### ORDER

AND NOW, this 21st day of August, 1978, the order of the Court of Common Pleas of Allegheny County, docketed at GD-76-17714 and dated November 30, 1976, is hereby affirmed.