National Apartment Leasing Corporation and Frank Schroeder, Appellants v. Commonwealth of Pennsylvania, Pennsylvania Human Relations Commission, Appellee.

Argued November 20, 1980, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*John V. Adams, Jr.*, *Adams, Hillen* & *Shoemaker*, for appellants.

*Caroline Mitchell*, Assistant General Counsel, with her *Robert S. Mirin*, General Counsel, for appellee.

OPINION BY JUDGE ROGERS, February 18, 1981:

One Lauren E. Horne filed a complaint with the Pennsylvania Human Relations Commission in which she alleged that National Apartment Leasing Corporation (National) had discriminated against her with respect to housing in violation of a provision of the Pennsylvania Human Relations Act, Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §951 *et seq.* The Commission thereafter issued a subpoena calling on National and on Frank Schroeder, National's manager, to appear before the Commission with documents.

The subpoena was not complied with and the Commission thereupon filed in the Court of Common Pleas of Allegheny County an application for enforcement as provided by Section 7(g) of the Act. The court entered an order fixing a day and time for hearing of the application. Copies of the Application and the Court's order were sent by certified mail to the instant appellants, National and Schroeder, and also to the lawyer who had appealed for National in the complaint action before the Commission. The appellants filed preliminary objections raising a question of the jurisdiction of the court below. They have now appealed from an order below overruling their preliminary objections.

The appellants make the same argument here as they made below — that the Commission in order to have enforcement of its subpoena was required to bring an original action as provided by Pa. R.C.P. 1007 by filing a praecipe for writ of summons, or a complaint or an agreement for amicable action. This

636

contention is an old one which has been repeatedly rejected. *Commonwealth v. Derry Township*, 466 Pa. 31, 351 A.2d 606 (1976); *Commonwealth v. Washington Township*, 463 Pa. 120, 344 A.2d 456 (1975); *Pennsylvania Crime Commission Petitions*, 446 Pa. 152, 285 A.2d 494 (1971); *Kane v. Tri-State Hearing Aid Company*, 37 Pa. Commonwealth Ct. 274, 390 A.2d 321 (1978). *See also Pennsylvania Human Relations Commission v. Othar Hansson*, 17 Pa. Commonwealth Ct. 161, 331 A.2d 255 (1975).

The failure of the appellants' first contention defeats its second—that the application for enforcement and hearing order were not served as required by Pa. R.C.P. 1009 prescribing the means of service of writs of summons and complaints in original actions. As the Supreme Court stated in *Hemphill v. Lenz*, 413 Pa. 9, 13, 195 A.2d 780, 782 (1963):

> [W]here the agency issuing the subpoena has the power to compel court enforcement on a bare showing that there is a proceeding before the agency over which it has jurisdiction and the evidence sought relates to the matter under investigation, *the court proceeding is ancillary to the issuance of the subpoena and the court need not acquire jurisdiction over the subpoenaed party by service of process.* (Citations omitted.) (Emphasis added.)[1]

---

[1] In *Hemphill v. Lenz*, the subpoena in question was that of the controller of Philadelphia issued pursuant to a provision of the Philadelphia Home Rule Charter. The Supreme Court held that court enforcement of the controller's subpoena was an independent judicial proceeding requiring service of process. The dissenting opinion in this case says that the language we have quoted from *Hemphill* is merely a description of federal procedure and that the holding of *Hemphill* demonstrates that the Pennsylvania rule is that service of process must attend all state agency subpoena enforcement proceedings. Quite the contrary. The Supreme Court was at pains in *Hemphill* to note that federal agencies involved in the

Section 957 of the Pennsylvania Human Relations Act gives the Commission, when engaged in an investigation, the power to subpoena witnesses. Enforcement of subpoenas is ancillary to their issuance and neither original process nor service as though original process were involved is in order. Service as provided by Pa. R.C.P. No. 233 and also by Rules of Administrative Procedure to be found at 1 Pa. Code §§33.31, 33.33 is, and here was, proper.[2]

Order affirmed.

## ORDER

AND NOW, this 18th day of February, 1981, the order of the Court of Common Pleas of Allegheny County dismissing preliminary objections made January 18, 1981 is affirmed.

---

cases cited in support of the language we have quoted in the body of this opinion were "quasi-judicial bodies with powers approximating those of the courts" 413 Pa. at 13, n.4, 195 A.2d at 782, n.4. This definition exactly fits the Pennsylvania Human Relations Commission. Further, Section 7(g) of the Pennsylvania Human Relations Act requires no more of the Commission seeking enforcement of its subpoena than that it show that there is a proceeding before the Commission and that the evidence sought relates to the matter under investigation. The City Charter provision in question in *Hemphill* required the official seeking enforcement to report the facts relating to the refusal to the court which was then required not only to hear evidence concerning the refusal but also to decide whether the testimony or documents sought were legally competent and "ought to be given or produced". It is not surprising that the Supreme Court in *Hemphill* held this inquiry to be an independent court proceeding requiring service of process.

[2] In several of the cases cited in this opinion personal service of the Rule to Show Cause why the agency subpoena should not be enforced was in fact made. That such service was made in those cases is not authority for the proposition that it must be made. Indeed, Pa. R.C.P. No. 233 authorizes personal service, as well as service by certified mail.

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. While a rule to show cause is normally available only for the purpose of facilitating jurisdiction already acquired, *Petrovich Appeal*, 155 Pa. Superior Ct. 138, 38 A.2d 709 (1944), our Supreme Court has held that a petition and rule to show cause why parties subpoenaed by an administrative body should not be ordered by a court of record to testify and to produce documentary evidence may be employed as original process. *Pennsylvania Crime Commission Petitions*, 446 Pa. 152, 285 A.2d 494 (1971). However, there remains for our determination, in this appeal, whether or not the court below had jurisdiction over National Apartment Leasing Corporation and Frank Schroeder (appellants) for the purpose of enforcing the subpoena issued by the Pennsylvania Human Relations Commission (Commission).

Here, there was no personal service made on the appellants, but copies of the application for enforcement and the order of the Court of Common Pleas of Allegheny County were sent by certified mail to the appellants and their attorney.

The power of the courts in enforcement proceedings relative to an administrative subpoena is an independent judicial proceeding requiring personal service of process. *Hemphill v. Lenz*, 413 Pa. 9, 195 A.2d 780 (1963).[1] This Court recognized the need for per-

---

[1] The majority cites from *Hemphill v. Lenz*. However, the citation is to that portion of *Hemphill* which sets forth the procedure utilized by federal courts for issuance and enforcement of subpoenas. Our Supreme Court recognized that procedure as different from the holding of *Hemphill*, which was that court enforcement of an administrative subpoena is an independent judicial proceeding requiring service of process. In fact, the very next sentence in *Hemphill*, following the portion quoted by the majority, reads as follows: "However, this procedure differs from and has no application to the requirements of §8-409 [of the Philadelphia Home Rule Charter]."

sonal service in this type of enforcement case in *Crime Commission's Petition*, 2 Pa. Commonwealth Ct. 650 (1971). In that case, the Pennsylvania Crime Commission issued and effected personal service of subpoenas against four respondents. All respondents appeared at the appointed time and place in Philadelphia, but respondents Grasso, Molinari and Puppo refused to be sworn or to answer any questions. DePhillipo was sworn and did testify, resting on his privilege against self-incrimination in refusing to answer any question except as to his name and address. He also refused to produce the records of the business enterprises which were the subject of a subpoena duces tecum on the ground that their production might tend to incriminate him. This conduct upon the part of the several respondents prompted the Commission to seek judicial aid in enforcement of the subpoenas. Accordingly, the Commission filed in this Court separate petitions against each of the respondents for the issuance of rules to show cause why the respondents after hearing should not be ordered to testify and/or produce records as identified in the subpoena duces tecum previously served. A rule was issued returnable on June 16, 1971, at which time it was ordered that hearing on the petition and any answer thereto would also be held. Certified copies of the petition and order of court were personally served upon each of the respondents.

We concluded that, by reason of personal service of the petitions and orders upon the respondents, this Court *thereby* acquired jurisdiction over their persons. It is the lack of personal service in the instant case that results in the failure of the court below to obtain jurisdiction over the appellants.

Therefore, I would reverse the order of the court below which overruled appellants' preliminary objections raising a question of the jurisdiction of the court below over the appellants.