## Cresswell Estate

*Mary Stein,* for George Cresswell.

*Frank J. Matune,* for Estate of Albert H. Cresswell.

McCLURE, *P.J.*, May 21, 1985 —

## I. HISTORY OF THE CASE

The attorney for one Gerald Cresswell mailed a letter to Betty R. Cresswell, executrix of the estate of Albert H. Cresswell, deceased. The letter was dated January 30, 1981 and reads in its entirety as follows:

"This will notify you that Gerald Cresswell, our client, asserts a claim against the estate of Albert H. Cresswell, in the nature of, but not limited to, claims arising out of Albert Cresswell's ownership of stock and management of Albert Cresswell Construction Co., Inc." The letter indicated that a copy was being mailed to the register of wills.

On September 16, 1981, the attorney for the estate filed a praecipe for rule to file complaint. As a result, the prothonotary on the same day issued to Gerald Cresswell a rule to file a complaint within 20 days after service of the rule. The complaint was not filed within the required 20 days, nor was it filed during extensions gratuitously given petitioner, and the attorney for the estate praeciped for a judgment of non pros. As a result, judgment of non pros was entered November 4, 1981 by the prothonotary. Gerald Cresswell then on November 23, 1981 moved to open the judgment of non pros that had been entered against him, and the same day Honorable A. Thomas Wilson signed a rule to show cause, if any, why the petition to open judgment should not be granted, rule returnable December 14, 1981. On December 14, 1981, an answer to the petition to open judgment was duly filed on behalf of the executrix of the estate, as well as a memorandum in support of defendant's answer.

## II. DISCUSSION

In reviewing the file, this court is struck with the fact that no action was ever commenced in court in compliance with Pa.R.C.P. 1007, 42 Pa.C.S. (Purdon 1975), which provides as follows:

"An action may be commenced by filing with the prothonotary

(1) a praecipe for a writ of summons,

(2) a complaint, or

(3) an agreement for an amicable action."

Consequently, this court does not have jurisdiction over any of the matters set forth in the above history of the case. It was error for the attorney for the estate to file a praecipe for a rule to file a complaint in accordance with Pa.R.C.P. 1037(a), as no action was ever commenced in accordance with Pa.R.C.P. 1007. The court will, therefore, dismiss the petition to open judgment filed on behalf of Gerald Cresswell, as all matters entered previously were null and void ab initio.

The letter of January 30, 1981 mailed to the executrix was no doubt intended to qualify as a written notice of a claim against decedent under 20 Pa.C.S. §3384(a) in an attempt to toll the statute of limitations and to qualify Gerald Cresswell as an unpaid claimant to whom written notice of the filing of the account and of the call of the account for audit and confirmation is due under 20 Pa.C.S. §3503.

Whether or not the letter so qualifies, the mailing of such a letter to the executrix with a copy to the register of wills is not an acceptable mode for commencing an action in court which may be ruled upon for the filing of a complaint or praeciped to a judgment of non pros. An action may be commenced only by one of the three methods expressly set forth in Pa.R.C.P. 1007. Hartmann v. Peterson,

438 Pa. 291, 265 A.2d 127 (1970); Floczak v. Nationwide Mutual Insurance Co., 289 Pa. Super. 438, 433 A.2d 885 (1981). There may be certain extraordinary situations in which proceedings may be initiated by a petition for a rule to show cause, but this case is not one of them. Cf. In re: Correction of Official Records with Civil Action, 44 Pa. Commw. 511, 404 A.2d 741 (1979); Commonwealth by Kane, A.G. v. Tri-State Hearing Aid Co., 37 Pa. Commw. 274, 390 A.2d 321 (1978).

In this case, the rule to show cause was not obtained to initiate an action but rather to terminate an action never commenced.

In the absence of affirmative action by the purported claimant, the executrix should proceed to the filing of her account.

The court will enter an order in accordance with this opinion.

### ORDER

And now, this May 21, 1985, it is ordered that:

1. The petition to open judgment filed on behalf of Gerald Cresswell is dismissed.

2. All previous matters placed of record in the orphans' court pertaining to the "claim" of Gerald Cresswell are declared null and void ab initio.