519 A.2d 1055

National Apartment Leasing Company a/k/a NALCO, Appellant *v.* Commonwealth of Pennsylvania by Attorney General LeRoy S. Zimmerman, Appellee.

Argued October 8, 1986, before President Judge CRUMLISH, JR., and Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Joan Shoemaker,* with her, *John V. Adams, Jr., Adams, Shoemaker & McSorley,* for appellant.

*Douglas P. Yauger,* for appellee.

OPINION BY JUDGE MACPHAIL, December 30, 1986:

National Apartment Leasing Company (NALCO) appeals here from an order of the Court of Common Pleas of Allegheny County which imposed a fine of $500.00 upon NALCO for being in contempt of court. We affirm.

This case had its genesis in the trial court when the Commonwealth petitioned that court to enforce a subpoena served upon NALCO pursuant to the provisions of Section 919(a) of The Administrative Code of 1929 (Administrative Code).[1] NALCO admits that both

---

[1] Act of April 9, 1929, P.L. 177, *as amended,* added by Section 1 of the Act of December 17, 1968, P.L. 1221, 71 P.S. §307-3.

the subpoena and a copy of the petition to enforce the subpoena were personally served upon it. Attached to the petition at the time of service on May 3, 1985 were two orders, one which would fix a hearing and the other would direct NALCO to comply with the subpoena. The trial court signed the order directing compliance on the same date the petition was filed.[2] NALCO did not appear in court when the petition was presented nor did it file any answer to the petition. The trial court's order directed NALCO to present itself on May 22, 1985 at a specified location in Pittsburgh with the documents identified in the Attorney General's subpoena. It was further stated in the court's order that NALCO's failure to comply with that order would be punished as contempt.

NALCO did not appear; instead, on May 31, 1985 it filed a petition with the trial court to have the order of May 8, 1985 vacated. On the same day that the petition was filed, the trial court denied it and set yet another date for NALCO to comply with the Attorney General's subpoena. That order again warned that failure to comply with its terms would be punished as contempt. NALCO did not comply with that order.

The Commonwealth then filed a petition on July 19, 1985 for a rule to show cause why NALCO should not be held in contempt. The court entered an order making the rule returnable on August 14, 1985. The record does not show what transpired in court on that date but the trial court's order entered on that date states that "after hearing, at which counsel for Respondent [NALCO] admitted that the Respondent was in contempt of this court's order entered May 31, 1985", the court adjudged NALCO to be in contempt. The order further stated that NALCO could purge itself of the

---

[2] May 8, 1985.

contempt order by appearing on August 21, 1985 with the required documents at the place designated in the Attorney General's subpoena. NALCO did not obey that order whereupon the Commonwealth filed a motion for sanctions. A time was fixed by the court for a hearing on that motion. There is a transcript in the record of what occurred at the hearing which indicates that only counsel were present and that counsel for NALCO *requested* that a sanction be imposed to enable him to perfect an appeal. Thereupon, the trial judge imposed the $500.00 fine.[3]

Section 919(a) of the Administrative Code provides in pertinent part as follows:

> The Attorney General shall be authorized to require the attendance and testimony of witnesses and the production of any books, accounts, papers, records, documents, and files relating to any commercial and trade practices which the Bureau of Consumer Protection has authority to investigate . . . and, for this purpose, the Attorney General or his representative may sign subpoenas. . . . In case of disobedience of any subpoena . . . the Attorney General or his representative may invoke the aid of . . . any court of record of the Commonwealth, and such court may *thereupon* issue an order requiring the person subpoenaed to obey the subpoena or to give evidence or to produce books, accounts, papers, records, documents and files relative to the matter in question. Any failure to obey such order of the court may be punished by such court as a contempt thereof. (Emphasis added.)

---

[3] NALCO paid the fine after requests for a stay were denied by the trial court and by this Court.

It will be noted that no specific procedure for obtaining enforcement of the subpoena is prescribed. In *Commonwealth v. Tri-State Hearing Aid Co.*, 37 Pa. Commonwealth Ct. 274, 390 A.2d 321 (1978), under similar circumstances where the Commonwealth was seeking enforcement of a subpoena issued by the Consumer Bureau, the Commonwealth filed a petition for a rule to show cause why an order to compel compliance with a subpoena should not issue. The trial court granted the rule and the respondent filed preliminary objections alleging that the Commonwealth should have commenced an action pursuant to Pa. R.C.P. No. 1007. This Court held that the Commonwealth's procedure was "*a* proper way" to initiate the proceedings. *Id.* at 276, 390 A.2d at 322 (emphasis added). NALCO asserts that that procedure is the exclusive way to proceed. We did not so hold in *Tri-State Hearing Aid Co.* and, consequently, we do not agree with NALCO's position.

It is true, of course, as NALCO contends, that NALCO is entitled to due process of law. The ultimate question, however, is how much process is due? Without again reviewing in detail all of the petitions and motions filed in this case, it is clear to us that numerous opportunities were afforded to NALCO to challenge the Attorney General's subpoena but NALCO chose to do nothing except defy the trial court. NALCO contends that it was never afforded a hearing "on the substantive merits" of the Attorney General's subpoena or the petition to compel compliance.

There is no requirement in Section 919(a) of the Administrative Code that a hearing must be afforded to the recipient of the subpoena before an enforcement order can be entered. We are not certain what the "substantive merit" of a subpoena encompasses but we assume that NALCO believes that the Commonwealth must show good cause for the issuance of a subpoena.

We note that the Legislature imposed no such requirement although it did provide for the protection of the privacy of any material produced pursuant to the subpoena in subsection (b) of Section 919. In view of the purpose of this consumer legislation and the protection afforded to matters which may be the subject of the subpoena, we cannot agree that a hearing was required in this case before an enforcement order could be entered.

In any event NALCO could have been present at the time the enforcement petition was presented to request or insist upon a hearing before the court entered its order. NALCO contends that inasmuch as two orders were attached to the petition when it accepted service thereof, it fairly concluded that a hearing would be held. We reject that contention because it is just as plausible to us that NALCO should have been aware from the other proposed order that the trial court might choose to act without a hearing unless one was requested. In any event, NALCO subsequently did present a petition to vacate the enforcement order and argument was heard by the trial court before that court acted to deny the prayer of the petition.

NALCO also directs our attention to the Rules of Civil Procedure[4] pertaining to petitions and answers. While the Rules do provide for discovery and oral argument, we see no requirement for a hearing in those Rules.

Finally, we must observe that the order before us on appeal is an order imposing a sanction for NALCO's failure to obey a court order. As Judge NARICK correctly points out in his memorandum opinion in support of that order, the U. S. Supreme Court has held that "an order issued by a court with jurisdiction over the

---

[4] Pa. R.C.P. Nos. 206—209.

subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings." *United States v. United Mine Workers of America,* 330 U.S. 258, 293 (1947) (footnote omitted). Here, the trial court clearly had jurisdiction of the person and subject matter. There was no appeal from any order issued by the trial court until the sanction was imposed. The order of enforcement with which NALCO refused to comply has never been reversed. The trial court took every step required in a contempt proceeding before entering the sanction order.

We hold that the order of the trial court must be sustained.

### ORDER

The order of the Court of Common Pleas of Allegheny County entered September 18, 1985 is affirmed.